## Otto Unemployment Compensation Case.

Argued March 2, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Anne Otto,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION PER CURIAM, June 10, 1959:

Claimant appeals from a decision of the Unemployment Compensation Board of Review denying her benefits on the ground that her discharge by the employer was due to willful misconduct under section 402(e) of the Unemployment Compensation Law, 43 PS §802(e).

Claimant had been employed by the United States Fidelity and Guaranty Company, Scranton, Pennsylvania, as a secretary, for more than four and a half years. On September 14, 1956, she was discharged by the office manager because of her refusal to obey her employer's instructions to assist another employe in the latter's work. The bureau, the referee, and the Board of Review denied compensation holding that claimant was discharged for willful misconduct under section 402(e) of the Law.

The supervisor of claimant testified that he requested claimant to assist one of the other girls in the office in the processing of claims, and that this work

would not exceed ten minutes a day on the average. Claimant was capable of giving this assistance. She admits she refused to obey the orders of her superior, but asserted the other girl was lazy and she could not get along with her. Claimant testified: "I would do anything but not part of the other girl's work." Further, claimant for the first time presented a note from a doctor stating she was nervous and advising her to refrain from any extra work. The record discloses there had been many minor disputes between claimant and her employer over coffee breaks, vacation time, and working with other employes in the office during claimant's period of employment. On this testimony the Board of Review found that claimant was discharged because she refused to carry out the instructions of her supervisor.

On appeal the testimony must be considered in the light most favorable to the party in whose favor the facts have been found. Findings of fact which are supported by competent and substantial evidence are binding. *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 118, 144 A. 2d 452. The evidence supports the board's findings.

" 'Willful misconduct' is not defined in the Law, but it has been held to comprehend an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employe, or negligence indicating an intentional disregard of the employer's interest or of the employe's duties and obligations to the employer." *Moyer Unemployment Compensation Case,* 177 Pa. Superior Ct. 72, 74, 110 A. 2d 753, 754.

Claimant's argument that having shown a discharge the burden was on the employer to bring her within the disqualification provisions of the Law is without merit.

"There is no burden upon the employer to establish ineligibility. . . . It is the duty of the employer and the employe to present the relevant facts to the unemployment compensation officials truthfully and accurately, and then it is for those officials to determine the eligibility of the claimant." *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 153, 141 A. 2d 410, 416.

Claimant's refusal to comply with her employer's reasonable request constituted willful misconduct. *Davis Unemployment Compensation Case,* supra, 187 Pa. Superior Ct. 116, 120, 144 A. 2d 452.

The decision is affirmed.