## Fritsche Unemployment Compensation Case.

Argued November 15, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Theodore A. Tenor,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., December 14, 1961:

The claimant was last employed by the First German Sick Benefit Society, Beaver Falls, Pennsylvania, as a bartender. His last day of work was August 29, 1960, when he refused to comply with the directions of his superior to burn some trash and clean the floor area around the incinerator, whereupon he was discharged.

The Bureau of Employment Security, the Referee, and the Board of Review all concluded that the claimant's unemployment was the result of willful misconduct connected with his work and he, therefore, was disqualified from receiving benefits under the provisions of section 402(e) of the Unemployment Compensation Law, 43 P.S. 802(e).

This Court has frequently defined willful misconduct generally to be an act of wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has the right to expect of his employe, or negligence in such a degree of reoccurrence as to manifest culpability, wrongful intent or evil design, or to show an intentional substantial disregard of the employer's interest or the employe's duties and obligations to the employer. *Allison Unemployment Compensation Case,* 193 Pa. Superior Ct. 370, 165 A. 2d 125; *Weimer Unemployment Compensation Case,* 176 Pa. Superior Ct. 348, 107 A. 2d 607.

One of the actions we have held to be an act of willful misconduct is a failure to perform assigned duties. *Otto Unemployment Compensation Case,* 189 Pa. Superior Ct. 489, 151 A. 2d 795; *Sopko Unemployment*

*Compensation Case,* 168 Pa. Superior Ct. 625, 82 A. 2d 598.

In the present case, the claimant, by his own admission of record, refused to comply with the instructions of his superior. He attempts to justify his recalcitrance by the fact that in the trash which he was instructed to incinerate there were punch boards, and that his burning thereof and subsequent cleaning of the surrounding floor area would connect him with alleged illegal activity of the employer. Nowhere in the record can we find any evidence to substantiate that the employer was engaged in any illegal activity or that these punch boards were of the type prohibited by the law. Even assuming that they were illegal, there is no evidence to show illegal use or possession on the part of the employer. The mere destruction of illegal gaming devices, possibly to prevent violation of the law, cannot be said, in the absence of other factors, to be illegal. There was, therefore, no reason for noncompliance with the instructions of his superior. Such insubordination indicates a deliberate disregard of the standards of behavior which his employer had a right to expect of him, and constituted willful misconduct within the meaning of the Unemployment Compensation Law. *Lux Unemployment Compensation Case,* 180 Pa. Superior Ct. 90, 118 A. 2d 231. No prior acts of willful misconduct are necessary to deny claimant benefits, and despite a good record, a single act may constitute willful misconduct under the Act. *Koble Unemployment Compensation Case,* 190 Pa. Superior Ct. 565, 155 A. 2d 223.

Decision affirmed.