Richard P. Beville, Appellant, *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Appellee.

Argued September 11, 1974, before Judges CRUM-
LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel
of three.

*Harry A. Dower,* with him *Boyd G. Hixson,* for ap-
pellant.

*Barnett Lieberman,* Assistant Attorney General,
with him *J. Leonard Langan,* Assistant Attorney Gen-
eral, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, October 24, 1974:

This is the appeal by Richard P. Beville from an
adjudication and final order of the State Civil Service
Commission (Commission) sustaining his dismissal by
the Pennsylvania Liquor Control Board (Board).

Beville was employed by the Board as a Liquor Store
Manager I.[1]  At the Commission hearing, Earl Stein,
a clerk, Beville's fellow employe, testified that in fill-
ing out a document known as a wholesale tally sheet,
he discovered discrepancies and brought them to the
attention of Adam Stephens, Manager of the store.

---

[1] His duties were clerical and he was not the store manager as
his Civil Service title implies.

Stein and Stephens were discussing the matter, when they were interrupted by the appellant. Being unable to hear with everyone talking at the same time, Stein asked Beville to be quiet. Beville, according to Stein's testimony, continued to participate in the conversation, and he, Stein, threw the tally sheet in a box on a desk and said to Beville "o'kay, you take care of it." Immediately thereafter, Beville seized Stein by the throat and pushed him to the floor.

Stein's version of the incident was corroborated by Stephens and another clerk, Donald R. Myers. Stephens testified that after the assault the appellant invited Stein to engage in a fight outside the store.

Beville testified that he interrupted the discussion between Stein and Stephens because he had useful information touching on the matter under discussion. He further asserted that before his assault upon Stein the latter uttered remarks of a derogatory and racial nature and threw the tally sheet at him. Beville's account of racial insults was denied by Stein and refuted by Stephens and Myers. Myers additionally refuted the claimant's assertion that Stein threw the tally sheet at Beville.

The State Civil Service Commission credited Stein's version of the incident, supported by the testimony of the two other eyewitnesses to the incident, and made findings consistent with its belief. It was, of course, the duty of the Commission to determine the credibility of witnesses and we may not substitute our judgment in this regard for that of the Commission. *Kaplan v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 29, 317 A. 2d 683 (1974).

The appellant also contends that his dismissal without prior hearing violated his right to due process guaranteed by the Fourteenth Amendment of the United States Constitution. We ruled to the contrary in *Williams v. Civil Service Commission,* 9 Pa. Commonwealth

Ct. 437, 306 A. 2d 419 (1973). *Grausam v. Murphey,* 448 F. 2d 197 (3d Cir. 1971), holding similarly, discusses and distinguishes *Goldberg v. Kelly,* 397 U.S. 254 (1970), on which appellant principally relies.

The appellant finally contends that his dismissal was an act of racial discrimination and thus in violation of Section 905.1 of the Civil Service Act, Act of August 5, 1941, P. L. 752, *as amended,* 71 P.S. §741.905 (a). The record contains nothing which supports this contention.

### ORDER

AND Now, this 24th day of October, 1974, the order of the State Civil Service Commission is affirmed and the appeal herein dismissed.