Richard P. Beville, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued September 11, 1974, before Judges CRUM-LISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Harry A. Dower,* with him *Boyd G. Hixson,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, October 24, 1974:

This unemployment compensation appeal is a companion to our opinion in *Beville v. State Civil Service Commission,* 15 Pa. Commonwealth Ct. 341, 327 A. 2d 196 (No. 1680 C.D. 1973, filed October 24, 1974), filed simultaneously herewith. The facts set forth in our opinion in that case, in whch we held that the appellant's discharge from his civil service position with the State Liquor Control Board for assaulting another employe was for just cause.

The only question here is whether the appellant's discharge was for wilful misconduct rendering him ineligible for benefits. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802(e).

As we recently reiterated in *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A. 2d 165 (1973), wilful misconduct has been judicially defined as (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employe's duties and obligations. A deliberate assault upon another on the employer's premises clearly falls within two of those categories.

We are mindful of Mr. Beville's long and exemplary record of service to the Board. However, a single act of misconduct, if sufficiently serious, will justify a denial of benefits. *Fritsche Unemployment Compensation Case*, 196 Pa. Superior Ct. 574, 176 A. 2d 186 (1961).

Our review is limited to questions of law and a determination as to whether the Board's findings are supported by the evidence. Questions of credibility and the weight to be given evidence are for the Board. We discern no error of law and we find ample support for the findings upon which the decision of the administrative agency was based.

### ORDER

AND Now, this 24th day of October, 1974, it is ordered that the appeal of Richard P. Beville from the Order of the Unemployment Compensation Board of Review be and it hereby is dismissed.