Thomas Brennan, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Submitted on briefs, February 7, 1975, to President Judge BOWMAN and Judges CRUMLISH, JR. and MENCER, sitting as a panel of three.

*Charles N. Caputo,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 7, 1975:

This is a direct administrative appeal from an order of the Unemployment Compensation Board of Review affirming a disqualification of Thomas Brennan (Appellant) for unemployment compensation benefits because his discharge from his last employment was for willful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended,* 43 P.S. §802(e).

Appellant was last employed as a bartender by the Duquesne Maennerchor Club in Pittsburgh at $143.00 per week, with his last day of work November 17, 1973. Some three weeks prior to this date, his superior instructed him to sweep the floors at the end of his shift on Mondays. It is admitted that during the nine years of Appellant's employment as a bartender by the Club, he had never previously been assigned sweeping work. When Appellant refused this work assignment, he was discharged.

The Bureau of Employment Security, a referee, and the Board each denied benefits upon a determination

that Appellant's failure to comply with the particular work assignment amounted to willful misconduct within the meaning of Section 402(e), 43 P.S. §402(e). Although the Unemployment Compensation Law does not amplify upon the concept of willful misconduct, this Court has recognized four traditional categories: "(1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of the standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations." *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-169 (1973); *see also Pettey v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 157, 325 A.2d 642 (1974). A failure to perform assigned duties would fall within the third category of willful misconduct described above. *Fritsche Unemployment Compensation Case,* 196 Pa. Superior Ct. 574, 176 A. 2d 186 (1961). In *Fritsche,* the claimant had been employed as a bartender in a private club. He was discharged for failing to comply with his employer's directions that he burn some trash and clean the floor around the incinerator. In sustaining the denial of benefits, the Superior Court, by Judge MONTGOMERY, wrote: "Such insubordination indicates a deliberate disregard of the standards of behavior which his employer had a right to expect of him, and constituted willful misconduct within the meaning of the Unemployment Compensation Law, Lux Unemployment Compensation Case, 180 Pa. Superior Ct. 90, 118 A. 2d 231. No prior acts of willful misconduct are necessary to deny claimant benefits, and despite a good record, a single act may constitute willful misconduct under the Act. Koble Unemployment Compensation Case,

190 Pa. Superior Ct. 565, 155 A. 2d 223." *Fritsche, supra,* 196 Pa. Superior Ct. at 576, 176 A. 2d at 187.

Appellant argues that the floor sweeping assignment was not among the duties previously expected of him, and thus his refusal could not constitute willful misconduct. Where the refusal is of additional work, the pivotal determination is whether the additional assignment is a reasonable one, i.e. of such a nature that in the context of a claimant's primary job his employer could reasonably expect him to complete it. *See Druzak v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 481, 315 A. 2d 925 (1974) ; *Pellegrino v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 486, 303 A. 2d 875 (1973). "Normally, when any person is employed, he is employed to do a particular task at an assigned time, and at an assigned place. It does not follow that the employer agrees never to modify or change the task, the time, or the place. If the employer should decide to modify or change any of these and the change is reasonable, the employee must abide by the employer's decision at the risk of being ineligible for unemployment compensation if he refuses." *Tucker v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 262, 264, 319 A. 2d 195, 196 (1974). After a careful review of the scant record before us, we must agree with the referee's finding, adopted by the Board, that the once-weekly floor sweeping assignment to cover for the janitor's following day off was not unreasonable, was accepted by the other bartenders at the club, and Appellant's refusal to so perform the assignment violated the standards of behavior and duty reasonably owed to his employer.

## ORDER

AND NOW, March 7, 1975, the order of the Unemployment Compensation Board of Review disallowing further appeal by Thomas Brennan is affirmed.