Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee, and Harrison Music & Vending Co., Intervening Appellee, v. Joseph V. Filips, Appellant.

Argued March 7, 1975, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Richard K. Brandt,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

*John L. Friedman,* for intervening appellee.

OPINION BY JUDGE KRAMER, April 24, 1975:

This is an appeal by Joseph V. Filips (Filips) from an order of the Unemployment Compensation Board of Review (Board), dated July 9, 1974, which affirmed a referee's decision denying benefits to Filips.

Filips was employed by the Harrison Music & Vending Company (employer) in McKees Rocks, Pennsylvania, for approximately 26 months, until he was discharged on January 22, 1974. Filips' duties consisted of driving a truck along a specified route in order to collect money from vending machines and to refill the machines. Filips would fill one sack with the money from each vending machine and deposit the sack in a "drop-in-safe" (similar to a mail box) located in the back of his truck. Filips' duties, of course, required him to be away from his truck for substantial periods of time. Filips was supposed to keep both his truck and his safe locked at all times during his route. On January 17, 1974, Filips returned from his route, opened the safe, and discovered that several bags of money were missing. Filips immediately informed his supervisor of the missing money. The supervisor immediately investigated the situation and determined that

$528.60 was missing, but that there were no signs of forcible entry on the truck or the safe. Filips could offer no explanation for the missing money other than to state his belief that he had been "set up." On the following day, January 18, 1974, Filips was told by his supervisor that he had been negligent and that he would have to make restitution. Filips consulted with an attorney who apparently advised him that he could not be forced to make restitution. On January 22, 1974, Filips informed his supervisor that he had seen an attorney, that he would not make restitution, and that he wanted a full investigation of the incident. According to Filips, his supervisor then stated:

"I thought you were smarter than that. Your services in this company are no longer required."

On February 17, 1974, Filips filed an application for unemployment compensation benefits. On March 11, 1974, the Bureau of Employment Security (Bureau) denied benefits after finding that Filips was discharged for willful misconduct. Filips appealed from the Bureau's determination and a hearing was held before a referee on April 17, 1974. In a decision dated April 23, 1974, the referee found that Filips was discharged because he was unable to give a satisfactory account for the missing funds and because he refused to make restitution. The referee concluded that Filips' "failure to give a satisfactory explanation" was "inimical to the employer's best interests," that said failure to satisfactorily explain constituted willful misconduct, and that, therefore, Filips was ineligible for benefits. Filips appealed to the Board, which, in an order dated July 9, 1974, affirmed the referee's decision.

In his appeal to this Court, Filips contends that the referee's findings of fact are not legally sufficient to support his conclusion of willful misconduct within the meaning of that term in section 402 (e) of the Unemployment Compensation Law (Act), Act of December 5, 1936,

Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802 (e).[1]

In unemployment compensation cases, our scope of review, absent fraud, is limited to questions of law and a determination as to whether the Board's findings are supported by substantial evidence. Questions concerning the credibility and weight of the evidence are for the Board. *See Stalc v. Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 131, 318 A. 2d 398 (1974).

In this case Filips' employer had the burden of proving that Filips was discharged for willful misconduct. *See Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A. 2d 165 (1973). Our review of the record in this case leads us to conclude that Filips' employer failed to meet that burden, and, therefore, we must sustain Filips' appeal.

This Court has defined willful misconduct as follows:

"(1) [T]he wanton and willful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations." *Kentucky Fried Chicken, supra*, 10 Pa. Commonwealth Ct. at 97, 309 A. 2d at 168-169.

The Board, in its brief to this Court, admits that Filips'

---

1. Section 402(e) of the Act reads as follows:

"An employe shall be ineligible for compensation for any week—

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act. . . . "

. . . .

conduct did not fall within the first three of these categories, but contends that it did amount to culpable negligence under the fourth category. The problem with this contention is that there is no evidence in the record which indicates that Filips was in any way negligent or culpable. The employer in this case attempted to carry his burden of proving willful misconduct by showing that the money was missing and that Filips could not explain how it was taken from the safe in the truck. This evidence is sufficient to show that Filips *may* have been negligent or that he *may* have been culpable, but it is not sufficient to sustain the employer's burden of proving that Filips was in fact guilty of willful misconduct. This is particularly true in light of the fact that the record contains testimony which indicates that certain of Filips' fellow employes, including his supervisor, had access to keys which would open Filips' truck and safe.

In summary, we conclude that the finding that Filips "was unable to give a satisfactory account of the missing funds and refused to make restitution" does not support the conclusion that Filips was guilty of willful misconduct. The employer has failed to sustain his burden of proving willful misconduct, and we therefore

ORDER

AND NOW, this 24th day of April, 1975, the order of the Unemployment Compensation Board of Review, dated July 9, 1974, denying benefits to Joseph V. Filips, is hereby reversed.