Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v*. Francis P. Lohman, Appellant.

Argued September 12, 1975, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Laurence E. Norton, II,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, September 30, 1975:

Francis P. Lohman, formerly employed as a Capitol Policeman by the Commonwealth's Department of Property and Supplies, was declared ineligible for unemployment compensation by the Bureau of Employment Security, a referee and the Unemployment Compensation Board of Review on the ground that his discharge from his employment was for wilful misconduct. He has appealed the Board's decision to this Court.

Among the employment obligations of Capitol Policemen was that of undergoing annual qualification with weapons at the State Police firing range at Hershey, near Harrisburg where the appellant was employed. The appellant was notified on April 24, 1974 that he should report for transportation to Hershey for testing at 8:00 A.M. on May 1, 1974. He asked to be and was excused from reporting on that day on the ground that he did not feel well. When he reported for his 11:00 P.M. to 7:00 A.M. shift on May 1, 1974, he was advised that he should report for transportation and qualification testing at 8:00 A.M. on May 2, 1974. The appellant refused and failed to comply with this directive and was thereupon discharged. The appellant testified at the referee's hearing that his expressed grounds for refusal were that the

notice was too short and that he had personal affairs to attend to on May 2. His employer's evidence was to the effect that the appellant's objections were that he did not wish to go to the range on his own time and that the order was motivated by the desire of scheduling officers to harass him.

A failure or refusal to perform assigned duties is an act of wilful misconduct. *Fritsche Unemployment Compensation Case*, 196 Pa. Superior Ct. 574, 176 A.2d 186 (1961).

While the firing range test does not appear to have been an assignment additional to the appellant's regular duties[1], the appellant nevertheless contends that his refusal was not misconduct because the directive that he go to the range on May 2, 1974, was unreasonable in view of the shortness of the notice and of the fact that it required him to so report immediately following eight hours of duty.

Since there were three days assigned for the annual testing and the appellant had asked to be and was excused from performing this duty on the first day, we find nothing unreasonable in his employer's fixing the following day as the time for performance. Furthermore there is no evidence in the record that officers were not customarily asked to take the test immediately after completing a tour of duty or that this annual requirement of the job involved any personal risk. There is evidence that the test took about five hours, that time and a half pay was provided and that the appellant had objected to being tested the previous year. The conclusion of the unemployment compensation authorities that the appellant's refusal to perform this regular duty of his employment constituted wilful misconduct has ample support in the record, was clearly proper and must be affirmed.

---

1. *See Brennan v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 569, 333 A.2d 794 (1975).

### ORDER

AND NOW, this 30th day of September, 1975, it is ordered that the decision of the Unemployment Compensation Board of Review be and it is affirmed and that the appeal of Francis P. Lohman be and it is hereby dismissed.