Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Roy N. Russell, Appellant.

Argued January 8, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Joseph A. Campagna, Jr.*, for appellant.

*Charles G. Hasson*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 19, 1976:

Roy N. Russell (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed a decision of the referee denying him benefits.

Claimant was discharged for refusing to perform one of his assigned tasks, namely, jockeying trailers in place on a loading dock. The referee found that Claimant's refusal was due to his concern for the safety of himself and fellow employees which caused him serious anxiety although he had, during the preceding five years, regularly worked the trailers. Finding that willful misconduct caused his discharge, the referee denied benefits pursuant to Section 402(e) of the Unemployment Compensation Law[1] (Act).

The Board affirmed the decision of the referee after hearing additional evidence. The Board also found that Claimant's duties required him to jockey trailers and that on the day he was discharged Claimant had refused, on three occasions, to work the trailers.

Section 402 of the Act, 43 P.S. §802, provides that an employee shall be ineligible for compensation for any week

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

This Court has held that "willful misconduct" within Section 402(e) is: 1) the wanton and willful disregard of the employer's interest; 2) the deliberate violation of rules; 3) the disregard of the standards of behavior which an employer can rightfully expect from his employee; or 4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Unemployment Compensation Board of Review v. Filips,* 18 Pa. Commonwealth Ct. 478, 336 A.2d 667 (1975) ; *Brennan v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 569, 333 A.2d 794 (1975).

Whether a given set of circumstances constitutes "willful misconduct" is a question of law, *O'Keefe v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975), and hence is within our scope of review.

In *Brennan, supra,* we held that the failure of an employee to perform assigned duties falls within the third standard defining willful misconduct. The facts before us require a similar conclusion especially since, in *Brennan,* the claimant had refused newly assigned work.

Claimant's failure to perform the jockeying task constituted a disregard of the standards of behavior which his employer could rightfully expect from him. Therefore, we

ORDER

AND NOW, this 19th day of February, 1976, the order of the Unemployment Compensation Board of Review denying benefits is affirmed.