Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Daria Duray, Appellant.

Argued May 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*James M. Gdula,* with him *Kenneth A. Magar,* for appellant.

*Sandra S. Christianson,* Assistant Attorney General, with her *Daniel R. Schuckers,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, June 22, 1976:

The Bureau of Employment Security, the referee, and the Unemployment Compensation Board of Review have all denied appellant's claim for unemployment compensation benefits. The denial has been on the basis of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), which provides that a claimant is ineligible if the unemployment is due to a discharge for wilful misconduct connected with the work. Here, the discharge resulted from the claimant's refusal to perform an assigned task.

All parties agree that the referee accurately and succinctly stated the question when he observed: "The sole question before me is first of all, if this claimant refused to do this work, and the request was a reasonable request, then if she refused it she is disqualified for willful misconduct. But if you were making her do work and she was not adequately compensated for and in fact taking advantage of her, making her do duties . . . , then her refusal can't be considered willful misconduct."

The appellant worked in a position designated as a stripper from November, 1973, until August, 1974, for a wage of $2.10 an hour. At that time, an apprentice artist vacated that position which he had held for two years. At the time he left, he was earning approximately $3.25 an hour. Claimant was given an opportunity on a trial basis for a two-month period to perform the duties of an apprentice artist. Her hour-

ly wage rate remained the same, but she was given additional fringe benefits of Blue Cross and Blue Shield. She performed these new duties for a period of months, but complained that she should be receiving more money. Finally, on May 8, 1975, she refused to perform the duties she had been performing for months and was discharged. It has been found as a fact that the employer had a common practice of having strippers fill in for the artists and to do some of the work usually performed by the artists.

Based on a careful review of the entire record, we are not prepared to say that the Unemployment Compensation Board of Review was without a proper basis of competent testimony when it stated: ''The claimant alleges that the work assignment which was given to her on her last day of work was unreasonable because she was not being properly paid for doing the requested assignment. The record, however, reveals that the work assignment was not unreasonable and that the claimant was being properly paid for doing the requested assignment.''

If any case authority is needed to support the proposition that refusing a reasonable work assignment is wilful misconduct, it can be found in *Brennan v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 569, 333 A.2d 794 (1975).

In the brief submitted to this Court, appellant attempts to raise for the first time a question of sex discrimination. It was not even included in the statement of questions involved nor pressed on oral argument. It is not properly before us and will not be considered.[1]

---

[1] Our examination of the record reveals that in the Notice of Determination sent to claimant by the Bureau, a stenographic error was made which could have indicated that the conduct was not considered wilful misconduct. However, since claimant was not misled, it will be disregarded.

Accordingly, we enter the following

ORDER

Now, June 22, 1976, the order of the Unemployment Compensation Board of Review, dated August 14, 1975, denying benefits to appellant, is affirmed.

Judge KRAMER did not participate in the decision in this case.