David A. Becker, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

Argued March 10, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Graham C. Showalter,* for appellant.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, June 10, 1977:

This appeal has been taken in accord with the Unemployment Compensation Law[1] (Act) from a denial of benefits by the Unemployment Compensation Board of Review (Board). David A. Becker (claimant) has argued here that (1) the employer's appeal from the referee to the Board was untimely and (2) the Board's finding of willful misconduct was improper. We reject both contentions and affirm the Board.

During 1975, the claimant worked for 10 months as a mechanic for A. W. Logan, Inc. (employer). From the time he was hired, his duties included checking and repairing automotive vehicles in preparation for state inspection. His employer arranged for the claimant to attend two 4-hour classes so that he would become a certified state inspector of such vehicles. The claimant was compensated for his travel expenses in attending the class and was allowed to leave work early when the class was to meet. After attending the first class, the claimant decided that he would not con-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

tinue with the class, and the employer eventually became aware of this decision. The claimant's stated reasons for his refusal were that he thought inspections were done improperly by the employer, that if he became licensed he might be pressured into performing illegal inspections, and that he did not want to assume the responsibility. He was discharged on November 21, 1975 for this refusal to attend classes.

After a hearing before a referee, the claimant was awarded unemployment compensation benefits in a decision dated February 9, 1976. Although the employer's petition for appeal was not mailed until February 25, 1976, the record contains a copy of a letter from the Bureau of Employment Security dated February 17, 1976. This letter is addressed to the employer, acknowledges his ''written communication protesting the decision on the unemployment compensation claim,'' and states: ''In accordance with the rules of procedure of the Board of Review, the Petition for Appeal should be filed or postmarked within *ten (10) days* of the date of this letter.'' (Emphasis in original.)

Finding willful misconduct under Section 402(e) of the Act, 43 P.S. §802(e), the Board reversed the referee and denied benefits. In its discussion, the Board indicated that the employer's request that the claimant attend the school was reasonable and that it could not conclude that improper inspections occurred at the employer's station.

In our consideration of whether the appeal to the Board here was timely, we must be mindful that statutory time limitations on appeals are mandatory, and an untimely appeal raises a jurisdictional issue. *Strawley v. Unemployment Compensation Board of Review,* 25 Pa. Commonwealth Ct. 34, 358 A.2d 145 (1976). At the time in question, Section 502 of the Act, 43 P.S. §822, provided in pertinent part:

The parties and the department shall be duly notified of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the board, *unless within ten days after the date of such decision the board acts on its own motion, or upon application, permits any of the parties or the department to institute a further appeal before the board.* (Emphasis added.)

Under this section, the letter from the Bureau dated February 17 amounted to the grant of permission for the employer to take a further appeal before the Board. By its language, the letter afforded the employer 10 days from its date to mail a petition for appeal. Since the petition was mailed on February 25, it was within the 10 days allowed by the Board as authorized by the statute. The appeal was therefore timely.[2]

On the question of whether the claimant's conduct constituted willful misconduct, our Court has long recognized that actions which demonstrate a wanton or willful disregard of the employer's interest or a disregard of standards of behavior which the employer has the right to expect of his employees are among

---

[2] Two other grounds on which the appeal might be found to be timely: (1) By regulations set forth in 34 Pa. Code §§101.102 and 101.82(c). any written notice from the appellant specifically advising that an appeal is being taken or review of the decision is requested will constitute a proper appeal if mailed within 10 days of the date of the referee's decision. The inference could be drawn from the letter of the Bureau of Employment Security that such a written notice was sent by the employer within 10 days of February 9. (2) The Board's letter, if not extending the appeal period, might well amount to the equivalent of fraud, *e.g.*, misinformation or wrongful or negligent conduct by administrative authorities, which will extend the appeal period. *See Banks v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 307, 370 A.2d 1234 (1977); *Cuffee v. Department of Public Welfare*, 5 Pa. Commonwealth Ct. 503, 291 A.2d 549 (1972).

the types of conduct which will disqualify a claimant from receiving unemployment compensation benefits. *Loder v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 484, 296 A.2d 297 (1972). The request here that the claimant attend the school admittedly involved a slight change in his normal duties. However, as we stated in *Tucker v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 262, 264, 319 A.2d 195, 196 (1974), "[n]ormally, when any person is employed, he is employed to do a particular task at an assigned time, and at an assigned place. It does not follow that the employer agrees never to modify or change the task, the time, or the place. If the employer should decide to modify or change any of these and the *change is reasonable,* the employee must abide by the employer's decision at the risk of being ineligible for unemployment compensation if he refuses." (Emphasis added.)

The claimant here testified that his duties from the start included activities preparatory to state inspection; therefore, it was reasonable for the employer to ask the claimant to become licensed to do the actual inspection. Since the request was reasonable, the claimant's refusal was unreasonable. *See Westinghouse Electric Corp. v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 73, 366 A.2d 627 (1976). This unreasonable refusal amounted to willful misconduct[3] under either of the standards mentioned above. *See Loder, supra.*

---

[3] A similar holding of willful misconduct was made in *Millersville State College v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 238, 335 A.2d 857 (1975). There, the claimant decided not to pursue a doctorate despite the fact that the college had made doctoral studies a criterion for his reappointment. The claimant here also declined to pursue a type of schooling. *See also Unemployment Compensation Board of Review v. Duray*, 25 Pa. Commonwealth Ct. 253, 360 A.2d 276 (1976) ; *Unemployment Compensation Board of Review v. Lohman*, 21 Pa. Commonwealth Ct. 277, 345 A.2d 319 (1975).

Since the Board's finding that the employer had met its burden of proving willful misconduct is supported by the evidence,[4] we enter this

ORDER

AND Now, this 10th day of June, 1977, the order of the Unemployment Compensation Board of Review, dated April 30, 1976, denying benefits to David A. Becker, is hereby affirmed.

---

[4] The claimant has also argued that, since the employer was doing illegal inspections, his conduct in refusing to become licensed was justified. Whether the employer performed inspections unlawfully was a question of credibility for the Board, which did not find such illegality. See *Fritsche Unemployment Compensation Case*, 196 Pa. Superior Ct. 574, 176 A.2d 186 (1961). This case is thus distinguishable from one in which illegality was found. *Cf. Zinman v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 649, 305 A.2d 380 (1973) (voluntary-quit case under Section 402(b) of the Act, 43 P.S. §802(b)). Even if such illegal inspections occurred here, the claimant's action was premature since he was not yet licensed to perform inspections and consequently had not yet been required or expected to participate in such illegality.