Barbara Resnick, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Temple University—of the Commonwealth System of Higher Education, Intervenor.

Argued March 2, 1981, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Gerard J. Woods, Iovine & Woods,* P.C., for petitioner.

No appearance for respondent.

*Richard L. Kornblith,* with him *Theodore J. Martineau* and *George E. Moore, Ballard, Spahr, Andrews & Ingersoll,* for intervenor.

OPINION BY JUDGE ROGERS, April 14, 1981:

Barbara Resnick (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) denying her unemployment benefits on the grounds that her discharge from employment as a receptionist in the Oral Surgery Department of the Temple University School of Dentistry (dental school)

was a result of her willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law.[1]

The claimant's duties included receiving money from patients at the dental school, issuing receipts to the patients and, at the close of each workday, delivering the money received to the cashier where it was exchanged for a treasurer's receipt. Before delivery to the cashier, the money received from patients each day was kept in a locked metal box to which the claimant and her supervisor had keys.

Great care was taken each day by the claimant and the cashier to ensure that the dollar amount recorded on the treasurer's receipt accurately reflected the amount of money delivered by the claimant to the cashier. In contrast, it was the claimant's uncontradicted testimony that prior to the events leading to her discharge no attempt was made by anyone to ascertain whether the sum of patient receipts issued was equal to the amount delivered to the cashier and recorded on the treasurer's receipt.

On March 26, 1979, Irene Tribble, claimant's supervisor, reported to her superiors that the claimant's patient receipt book recorded that $186.00 had been received from patients that day while the amount evidenced by the treasurer's receipt as having been delivered to the cashier was $54.00. The claimant was then suspended from her employment and an investigation was conducted after which the claimant was discharged.

On this appeal the claimant argues that two crucial factual findings of the Board are not supported by substantial evidence in the record. The challenged findings are:

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

9. The investigation revealed, and the claimant in fact appropriated money entrusted in her care fraudulently for her own use over a period of at least (9) months.

10. The sum of money involved was at least $10,969.00.

There can be no doubt that if the evidence supports these findings claimant was guilty of willful misconduct and is ineligible for unemployment benefits. *See Orloski v. Unemployment Compensation Board of Review,* Pa. Commonwealth Ct. , 415 A.2d 720 (1980); *Kostik v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 32, 315 A.2d 308 (1974).

The evidence relied on by the employer consists of photocopies of the patient receipts and treasurer's receipts for the period from July, 1978, to March, 1979, and the personnel records of the days on which the claimant and others were on duty at the reception desk. From these records, exhibits were prepared by the dental school personnel and admitted into evidence. In addition, the assistant bursar of the dental school testified as to the manner in which the investigation was conducted, the function of the various receipts, and the interpretation of the employer's summary exhibits. The claimant's supervisor, Irene Tribble, and the cashier, Geraldine Bowdle, explained the daily routine with regard to the collections at issue.

The claimant testified that she had not misappropriated any funds, that she did not know why the total of patient receipts did not equal the amount recorded on the treasurer's receipt, and that she had not been instructed to and, therefore, had never made it a practice to calculate the patient receipt total for comparison with the treasurer's receipts.

As the claimant correctly points out, the evidence of her wrongdoing is entirely circumstantial. It is nevertheless probative and is "adequate to establish the conclusion sought . . . [if it] so preponderate[s] in favor of that conclusion as to outweigh in the mind of the fact-finder any other evidence and reasonable inferences therefrom which are inconsistent therewith." *Smith v. Bell Telephone of Pennsylvania,* 397 Pa. 134, 139, 153 A.2d 477, 480 (1959). We cannot say that by this standard the evidence is insufficient. *Cf. Commonwealth v. Dunn,* 212 Pa. Superior Ct. 384, 243 A.2d 476 (1968); *Commonwealth v. Wheeler,* 200 Pa. Superior Ct. 284, 189 A.2d 291 (1963). *Commonwealth v. Mattson,* 19 Chester Co. R. 1 (1971).

The employer's exhibits summarize the pertinent transactions at the dental school on 163 consecutive working days of the claimant's tenure. On 130 days the claimant alone acted as receptionist receiving money from patients, issuing receipts to those patients and depositing the money with the cashier. Patient receipts initialled by the claimant indicate that she received on these 130 days just under $15,000.00 in cash and checks. The total amount of money she deposited with the cashier during the period was less than $5,000.00. She offered no explanation for this shortfall and neither the referee nor the Board was required to credit her testimony that because she never added the amounts recorded on the patient receipts she simply never noticed that although the patients gave her money throughout the day there was at the end of the day often little or no money in the cash box to be deposited with the cashier.

The claimant's reliance on *Unemployment Compensation Board of Review v. Filips,* 18 Pa. Commonwealth Ct. 478, 336 A.2d 667 (1975) is misplaced. On the facts of that case we disagreed with the Board's determination that a single unexplained incident of

cash stolen from a safe which the worker was required to leave unattended for substantial periods was sufficient to prove the culpable negligence of the employee responsible for depositing money in the safe where the employee immediately reported the loss to his employer. Our holding in that case that a finding of willful misconduct was insufficiently supported by that record of only one loss promptly reported by a claimant, is no authority for a holding that the multiple losses of money for which this claimant was responsible, occurring over many months, did not support the finding of this claimant's culpability.

The claimant says that the evidence could support an inference that other unidentified persons might have been responsible for the losses. Clearly the administration of the patients' payment funds was feckless and the supervision of the claimant's performance of her duties was woefully inadequate and it is possible that other persons may have made off with some of the money. However, the drawing of inferences is for the compensation authorities, *Tuono v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 583, 422 A.2d 240 (1980), and we cannot fault the fact-finders here for deciding that the circumstantial evidence adverse to the claimant so preponderated on the side of her culpability "as to outweigh . . . any other evidence and reasonable inferences" that might be drawn. *Smith v. Bell Telephone Company of Pennsylvania, supra.* This record was wholly adequate to this end.

Accordingly, we

### ORDER

AND NOW, this 14th day of April, 1981, the order of the Unemployment Compensation Board of Review is affirmed.

Judge WILKINSON did not participate in the decision in this case.