James W. Dickey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 15, 1983, to Judges CRAIG, BARRY and BLATT, sitting as a panel of three.

*Charles J. Morris,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, October 24, 1983:

James W. Dickey (claimant) appeals here an order of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits under §402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

From the evidence presented, the Board made factual findings which included the following: that the claimant and a female co-worker had engaged in a physical altercation; that the female co-worker had consequently suffered injuries including a swollen face, cut lip and the loss of a contact lens; and that the claimant's behavior had violated an employer work rule which provided for the termination of an employee who engages in abusive and threatening conduct towards a fellow employee. The Board found that the claimant's behavior amounted to willful misconduct and concluded that he was ineligible for benefits under §402(e) of the Law.[1] He then appealed the Board's decision.

The claimant argues first that the factual findings of the Board are not supported by substantial evidence. The employer, of course, bears the burden of proving willful misconduct in an unemployment compensation case. *Gane v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979). And, when the party bearing the burden of proof prevails before the Board, as the employer did here, our scope of review is limited to determining whether the factual findings are supported by substantial evidence and whether an error of law has been committed. *Wright v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 506, 445 A.2d 556 (1982). In determining whether substantial evidence exists to support the Board's findings,

---

[1] Section 402(e) of the Law, 43 P.S. §802(e), provides in part:

An employe shall be ineligible for compensation any week—

\* \* \* \*

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, . . .

we must examine the testimony in the light most favorable to the prevailing party below, giving that party the benefit of any inference which can be drawn logically and reasonably from the evidence. *Whisner v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 137, 446 A.2d 336 (1982). And, if the record contains substantial supporting evidence, the Board's factual findings are conclusive. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

The plant foreman testified here that the claimant, after interrupting a private conversation between one Donna Yoder, another employee, and himself, yelled at and cursed Ms. Yoder. When she was directed by the plant foreman to leave the room, the claimant went after her, and, according to the plant foreman, who testified that he followed the claimant down a flight of stairs, he found Ms. Yoder "stretched over the handrail, and . . . [the claimant] up against her." He further testified that he found it necessary to remain in between the claimant and Ms. Yoder until help arrived to assist him in separating them completely.

Although the claimant argues that, when he followed Ms. Yoder down the stairs he fell into her thus causing her injuries, what happened is a factual determination for the Board, and, after a thorough review of the record, we must hold that substantial evidence exists to support the Board's findings.

Claimant argues next that all of the testimony presented by the employer was hearsay and that, inasmuch as there was a timely objection to the alleged hearsay, no evidence exists on the record to support the Board's factual findings. This is simply not true. While some of the testimony offered by the employer was hearsay, there was still very pertinent circumstantial evidence on the record, namely the plant foreman's

testimony, which could properly form the basis for the Board's factual findings.[2]

As to the admissibility of circumstantial evidence, we have held that, if it is substantial, it is sufficient to support a finding of willful misconduct. *Heffelfinger v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 280, 431 A.2d 380 (1981). And evidence is substantial where it so preponderates in favor of a conclusion that it outweighs, in the mind of the fact finder, any inconsistent evidence and reasonable inferences drawn therefrom. *Resnick v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 504, 427 A.2d 1289 (1981). And, of course, it is not for this Court to question the weight or credibility assigned to the plant foreman's testimony by the Board.

Whether or not the evidence supports a charge of willful misconduct, of course, is a question of law subject to this Court's review. *Dodson v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 245, 437 A.2d 1080 (1981). And, while Section 402(e) does not define willful misconduct, it has been defined by the courts as the wanton and willful disregard of the employer's interest, the deliberate violation of rules, the disregard of standards of behavior which an employer can rightfully expect from his em-

---

[2] A question arises as to the hearsay character of a written statement made by Ms. Yoder approximately seven and one-half (7½) hours after the incident. At the hearing, Ms. Yoder claimed that she did not recall the circumstances which resulted in her injuries. The Board, in its brief, would admit her statement into evidence as a *res gestae* exception to the hearsay rule thus affording it substantive weight. *Commonwealth v. Little,* 469 Pa. 83, 364 A.2d 915 (1976). Insofar as this Court has found the testimony of the plant foreman to be of sufficient character to support the Board's findings, the nature and substance of Ms. Yoder's written statement need not be decided.

ployee or negligence which manifests culpability, wrongful intent, evil design or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). And we have previously held that a deliberate assault on a co-worker while on the employer's premises constitutes willful misconduct. *Beville v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 371, 327 A.2d 197 (1974).

Having found substantial evidence upon which the Board could have based its factual findings and no error of law, we will affirm the order denying benefits.

#### ORDER

AND Now, this 24th day of October, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.