Helena Wysocki, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 10, 1984, to Judges WILLIAMS, JR., PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Hans Edward Solum, Jr.,* for petitioner.

*John B. Langel,* with him, *Richard L. Strouse, Ballard, Spahr, Andrews & Ingersoll,* for intervenor, Sacred Heart Hospital.

OPINION BY JUDGE PALLADINO, January 29, 1985:

Helena Wysocki (Claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) reversing a decision of the referee and declaring Claimant ineligible for unemployment compensation on the grounds that her discharge from employment at Sacred Heart Hospital (Hospital) in Chester, Pennsylvania, was a result of her willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The Board found the following facts, Claimant had been employed by the Hospital for over nineteen years as a potwasher when she was discharged on November 25, 1982, for violating the Hospital's work rule prohibiting theft. On November 25, Claimant was observed by several kitchen employees carrying a brown bag into the employees' locker room. Claimant, who shared a locker with two other employees, was observed placing the brown bag in the locker. Two Hospital employees, concerned that they might be charged with theft, opened the locker and discovered a brown bag containing steaks which were normally served to Hospital patients. These same employees reported their discovery to their supervisor who indicated that an investigation would be conducted. Upon further investigation later that evening, the bag in question was not in Claimant's locker but was found in the shower room adjacent to the lockers. The Hospital's work rule provides that theft or dishonesty is cause for immediate dismissal. Claimant attempted to take property belonging to the Hospital and, pursuant to its work rule, was discharged.

The Board determined that the evidence presented, albeit circumstantial, did support its conclusion that Claimant's discharge was a result of her willful misconduct.

The employer, of course, bears the burden of proving willful misconduct in an unemployment compensation case. *Gane v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979). And, when the party bearing the burden of proof prevails before the Board, our scope of review is limited to a determination of whether the Board's findings of fact are supported by substantial evidence and whether the Board committed an error of law. *Milne v. Unemployment Compensation Board of*

*Review*, 73 Pa. Commonwealth Ct. 30, 457 A.2d 224 (1983).

In this appeal, Claimant contends that there is not substantial evidence to support the Board's finding that she attempted to steal Hospital property. Claimant argues that there is no evidence: (1) that Claimant had steaks in her possession when she left the kitchen; (2) that Claimant then went to her locker; or (3) that Claimant placed the steaks in her locker with the intent to steal them.

This Court has held that circumstantial evidence, if substantial, is sufficient to support a finding of willful misconduct. *Heffelfinger v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 280, 431 A.2d 380 (1981). And evidence is substantial where it so preponderates in favor of a conclusion that it outweighs, in the mind of the fact finder, any inconsistent evidence and reasonable inferences drawn therefrom. *Resnick v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 504, 427 A.2d 1289 (1981). Questions of credibility, resolution of conflicts in evidence presented, and the weight to be given evidence are matters for the Board to resolve. *McDermott v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 393, 431 A.2d 1140 (1981).

We have thoroughly reviewed the record and conclude that the Board's finding that Claimant was actually observed placing the brown bag in the locker is not supported by substantial evidence. However, we are satisfied that the Board's remaining findings, specifically that Claimant attempted to take Hospital property, are supported by substantial evidence.[2]

---

[2] At the hearing before the referee, the Hospital offered the testimony of three of Claimant's co-workers, none of whom had actually observed Claimant placing the bag in her locker. However,

Whether specific conduct rises to the level of willful misconduct is a question of law, and subject to our review. *Gilbert v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 446, 431 A.2d 1151 (1981). The Pennsylvania Supreme Court has defined the term "willful misconduct" as:

An act of wanton or willful disregard of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer.

*Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 83-84, 351 A.2d 631, 632 (1976). And this Court has previously held that one isolated instance of theft is sufficient to constitute willful misconduct. *Kostik v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 32, 315 A.2d 308 (1974). Thus, we find no error in the Board's conclusion that Claimant was guilty of willful misconduct.

---

one of the co-workers, a kitchen helper, testified that on November 25, 1982, he observed Claimant leaving the freezer where the patients' food is kept carrying a paper bag. This witness watched Claimant walk out of the kitchen into the hallway that led to the ladies' locker room. Another of the co-workers, Brenda Nelms, who shared the locker with Claimant, testified that she observed Claimant walking down this same hallway carrying a paper bag. Although Ms. Nelms did not see Claimant walk into the locker room, she later went to the locker room with another worker, Eleanor Garvey, opened the locker and discovered a bag containing frozen steaks which resembled those served to Hospital patients. Both women testified that they reported their discovery to their supervisor and that, upon investigation later that day, a bag full of steaks was found by the supervisor and Ms. Garvey near a shower stall in the locker room.

Accordingly, the decision of the Board denying benefits is affirmed.

ORDER

AND Now, January 29, 1985, the order of the Unemployment Compensation Board of Review, No. B-220102, in the above-captioned matter is affirmed.