## A.2d

Raymond J. Borst, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 6, 1988, to Judges BARRY, SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Judith E. Wilson,* for petitioner.

*Bernadette Paul,* Assistant Counsel, with her, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, April 5, 1988:

Petitioner Raymond J. Borst (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of benefits pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law (Law)[1] relating to discharge for willful misconduct in connection with one's work. The issue presented on appeal is whether claimant's failure to comply with his Employer's directive constituted willful misconduct under the circumstances. We reverse the Board's decision.

Claimant was employed as a truck driver for eight months by Top Roc Precast (Employer). Shortly after

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant began his employment, his father was hired as transportation manager by Employer and began involving Claimant in routine office paperwork although Claimant's position continued as truck driver. During the late afternoon on October 2, 1986, while Claimant's father was out of town at a job site, the Employer's president requested Claimant to arrange a delivery schedule for the following Monday, Tuesday, and Wednesday. Scheduling deliveries was ordinarily a function of the transportation manager and one which Claimant had never performed. Nonetheless, Claimant made out a schedule using the only three Employer trucks available which Employer's president rejected by telephone, instructing Claimant instead to rent trucks to make deliveries the following week.

Claimant immediately telephoned a truck rental company as he had been instructed to do and was advised that the person with whom he needed to speak was not available. The next morning, October 3, 1986, Claimant again contacted the truck rental company and was told that no trucks meeting Employer's specifications were available. Meanwhile, two of the three Employer trucks which had been available for the deliveries broke down, and Claimant spent time the morning of October 3 arranging to have these vehicles towed and repaired, until about 10:30 a.m., when the Employer's president telephoned to see if Claimant had secured the rental trucks. Upon learning that Claimant had been unable to rent any trucks or to provide for the following week's deliveries, the president informed Claimant that he was fired.

Claimant applied for unemployment compensation benefits which were denied by the local Office of Employment Security (OES) on the basis of Section 402(e) of the Law. Claimant appealed this determination, and after a hearing before a referee on January 16, 1987, a

decision was issued affirming the OES determination. Claimant filed a further appeal to the Board which issued an order affirming the referee. It is from this order of the Board that Claimant[2] appeals to this Court.

This Court's scope of review in unemployment compensation cases is limited to a determination of whether the findings of fact are supported by substantial evidence; whether an error of law was committed below; or whether any of Claimant's constitutional rights were violated. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986); *see also Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

The question of whether a Claimant is guilty of willful misconduct is a question of law subject to review by this Court. *Wysocki v. Unemployment Compensation Board of Review,* 87 Pa. Commonwealth Ct. 260, 487 A.2d 71 (1985). Willful misconduct has been defined by this Court as an act of wanton or willful disregard of the employer's interests; a deliberate violation of the employer's rules; the disregard of standards of behavior which an employer has a right to expect of an employee; or negligence indicating an intentional disregard of the employer's interests or of the employee's duties and obligations to the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). The burden rests upon Employer to prove Claimant's willful misconduct and then shifts to Claimant to prove good cause for the alleged misconduct. *Holomshek v. Unemployment Compensation Board of*

---

[2] We wish to observe that in the Board's Brief, Counter-statement of the Case, it is stated erroneously that the *Employer* appeals to this Court (Brief for Respondent, p. 2).

*Review,* 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979). Good cause has been defined by the Supreme Court of this Commonwealth as conduct which is reasonable under all of the circumstances, thereby justifying Claimant's actions. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976).

A review of the record in the instant case reveals that although the findings of the referee are supported by testimony of record, the findings do not support the conclusion of the referee and the Board that Claimant was guilty of willful misconduct. Even assuming *arguendo* that Claimant's actions are tantamount to willful misconduct, Claimant has presented justifiable reasons for his actions. Claimant acted in the best interest of Employer in making necessary arrangements to repair Employer truck equipment while simultaneously attempting to procure replacement rental trucks to make scheduled deliveries the following week. Claimant requested assistance from Employer in locating rental trucks, which the president refused to render. Claimant was unaccustomed to scheduling deliveries, a function which was normally performed by his father as transportation manager, and testified that he did the best that he could under the circumstances. Claimant's conduct was indeed reasonable under all of the circumstances, and good cause for that conduct is the natural inference to be drawn from it by this Court under the *Frumento* standard enunciated by our Supreme Court.

Finally, the president acted unreasonably in discharging Claimant before giving him full opportunity to locate rental trucks in light of the other emergencies related to company equipment breakdowns which Claimant was attempting to remedy. We therefore conclude that the Board erred as a matter of law in deter-

mining that the record before it supported a conclusion of willful misconduct. Accordingly, the order of the Board must be reversed.

ORDER

AND NOW, this 5th day of April, 1988, the Order of the Unemployment Compensation Board of Review dated April 6, 1987 is hereby reversed.