Niranjan Das, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondents.

Argued March 9, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Niranjan Das,* petitioner, for himself.

*John T. Kupchinsky,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

PER CURIAM OPINION, April 4, 1979:

On August 18, 1977, the Bureau of Employment Security (Bureau) issued a decision disqualifying claimant for benefits for failure to engage in an active search for work. A copy of this decision was mailed to claimant at his last known post office address on the same day which was not returned as "undeliverable." The determination notice stated that the last day to file an appeal from this determination was September 2, 1977.

Claimant filed a late appeal on September 6, 1977, stating that he had not received the determination notice. The referee and the Unemployment Compensation Board of Review held that claimant did not file a timely appeal within Section 501(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §821(e) which provides that appeals must be taken from an action of the Bureau within 15 calendar days after notice of the action was mailed to the claimant's last known post office address.

This Court has held the statutory time limit for filing an appeal is mandatory in the absence of fraud or manifestly wrongful or negligent conduct by the administrative agency. *Hanin v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 48, 377 A.2d 1062 (1977). At the referee's hearing in this case, claimant's only assertion was that he did not receive the notice of determination. The Bureau's decision, the notice having been properly addressed and not returned by the postal authorities, is presumed to have been received. *Perri Unemployment Compensation Case,* 191 Pa. Superior Ct. 476, 159 A.2d 67 (1960).

Moreover, the record contains no evidence that claimant was either misinformed or misled by the Bureau.

Since claimant failed to make a timely appeal, the action of the Bureau became final; claimant's arguments on the merits of that action cannot now be considered by this Court.

Accordingly, we will now enter the following

PER CURIAM ORDER

AND NOW, April 4, 1979, the order of the Unemployment Compensation Board of Review, Decision No. B-150928, dated November 14, 1977, is hereby affirmed.