Jill Hope Mogil, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 4, 1980, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Gary M. Mogil,* for petitioner.

*William J. Kennedy,* with him *David R. Confer,* Assistant Attorneys General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., April 21, 1980:

The Unemployment Compensation Board of Review (Board) dismissed the appeal of Jill Hope Mogil who was denied benefits by a referee's finding that it was untimely filed under the terms of Section 502 of the Unemployment Compensation Law (Law).[1] We affirm.

There is no dispute that the 15-day limitation for the perfection of appeals had run at the time this ap-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §822.

peal was filed. Mogil, however, contends that she must be permitted to appeal *nunc pro tunc* since the delay in perfection was due to the Board's failure to inform her of her right to appeal.

The statutory time limit for filing an appeal from a referee's determination is mandatory in the absence of fraud or manifestly wrongful or negligent conduct by the administrative agency. *Das v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 483, 399 A.2d 816 (1979); *Becker v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 488, 373 A.2d 1376 (1977). The burden is on Mogil to establish the agency's error which would allow an appeal *nunc pro tunc*.

There is no allegation of fraud and Mogil only alleges that the Board had a *duty* to inform her of her right to appeal and the 15-day limitation upon this right. The failure to do so, she contends, was negligent and misleading when the past notices received in connection with her claim are considered.

Upon careful review of the Unemployment Compensation Law, we conclude that it places no duty upon the Board to include a detailed notice of appeal procedures from an adverse administrative determination, nor is such a duty imposed by the due process clause of the United States Constitution. To the contrary, in *Walker v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 438, 381 A.2d 1353 (1978), this Court held that due process of law does not require an administrative agency to provide a party with notice of right to appeal when, as here, the agency or the legislature has established a duly published procedure for hearing or appeal after an order. *See also Commonwealth v. Derry Township*, 10 Pa. Commonwealth Ct. 619, 314 A.2d 868 (1973). The appeal procedure from a referee's decision is clearly enunciated in both Section 502 of the Law, 43

638

P.S. §822, and the Board's regulations at 34 Pa. Code §§101.71, 101.90-101.112.

Accordingly, we

ORDER

AND Now, this 21st day of April, 1980, the order of the Unemployment Compensation Board of Review dismissing the appeal of Jill Hope Mogil is affirmed.

President Judge BOWMAN did not participate in the decision in this case.