Humbert G. DiIenno, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Allentown College of St. Francis DeSales, Intervenor.

· Argued April 8, 1981, before Judges MENCER, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Anthony C. Santore,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *John Kupchinsky,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

*Robertson B. Taylor, Kolb, Holland & Taylor,* for intervenor.

OPINION BY JUDGE MENCER, June 5, 1981:

·The Unemployment Compensation Board of Review (Board) dismissed the appeal of Humbert G. DiIenno (DiIenno), who was denied benefits by a referee, because it was untimely filed under the provi-

sions of Section 502 of the Unemployment Compensation Law (Law).[1] We affirm.

There is no dispute that the 15-day limitation of the Law for the perfection of appeals had run at the time this appeal was filed.[2] DiIenno, however, contends that he must be permitted to appeal nunc pro tunc since the delay in perfecting his appeal was due to the referee's failure to adequately inform him of his right to appeal.[3]

The statutory time limit for filing an appeal from a referee's determination is mandatory in the absence of fraud or manifestly wrongful or negligent conduct by the administrative agency. *Das v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 483, 399 A.2d 816 (1979). Moreover, a timely appeal is a jurisdictional prerequisite. The burden is on DiIenno to establish agency conduct which would permit an appeal nunc pro tunc.

There is no allegation of fraud or wrong conduct on the part of the agency. To the contrary, DiIenno did not consult the unemployment compensation authorities for advice or information concerning his right to appeal, and he acknowledged that, had he read the entire notice of decision carefully, he would have ascertained his rights applicable to such an appeal.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §822.

[2] On August 22, 1979, the referee issued a decision denying DiIenno benefits and mailed a copy of the decision to his last known address on the same date. DiIenno filed an appeal from the decision of the referee on October 17, 1979.

[3] DiIenno admits that the copy of the referee's decision which he received contained at the bottom of the decision page the words "(see reverse for appeal rights)." However, DiIenno contends that these words were in fine print and that he was so disappointed with the referee's decision that he did not read the reverse side of the decision until some time thereafter.

However, DiIenno alleges that he was not given fair and reasonable notice of his right to appeal from the referee's decision and of the length of the appeal period because the notice given was in fine print and placed in an inconspicuous location at the bottom of the printed referee's decision. He contends that the notice actually given was misleading and legally inadequate when the other notices received in connection with his claim and appeal are considered.

A similar argument was advanced in *Mogil v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 635, 413 A.2d 480 (1980). We conclude that what was said there is not only applicable here but controls the instant matter:

> Upon careful review of the Unemployment Compensation Law, we conclude that it places no duty upon the Board to include a detailed notice of appeal procedures from an adverse administrative determination, nor is such a duty imposed by the due process clause of the United States Constitution. To the contrary, in Walker v. Unemployment Compensation Board of Review, 33 Pa. Commonwealth Ct. 438, 381 A.2d 1353 (1978), this Court held that due process of law does not require an administrative agency to provide a party with notice of right to appeal when, as here, the agency or the legislature has established a duly published procedure for hearing or appeal after an order. See also Commonwealth v. Derry Township, 10 Pa. Commonwealth Ct. 619, 314 A.2d 868 (1973). The appeal procedure from a referee's decision is clearly enunciated in both Section 502 of the Law, 43 P.S. §822, and the Board's regulations at 34 Pa. Code §§101.71, 101.90-101.112.

*Id.* at 637-38, 413 A.2d at 481.

Since DiIenno failed to make a timely appeal, the order of the referee became nonreviewable and DiIenno's arguments on the merits of the referee's determination cannot now be considered by this Court.

Accordingly, we enter the following

### ORDER

AND Now, this 5th day of June, 1981, the order of the Unemployment Compensation Board of Review, mailed January 4, 1980, dismissing the appeal of Humbert G. DiIenno, is affirmed.