**Stupka Pontiac-Olds, Inc.**

*Thomas R. Dobson,* for plaintiff.
*Milford L. McBride, III,* for defendant.

ACKER, *J.,* September 23, 1985—Defendant has filed a petition for allowance of appeal nunc pro tunc, or in the alternative, a petition to strike and vacate the judgment. On July 20, 1984, plaintiff was granted a default judgment by the district magistrate in the amount of $4,035.50.[1]

The parties entered into certain stipulations before the court and testimony was taken from which we conclude the following facts.

## FINDINGS OF FACT

1. On June 12, 1984, Stupka Pontiac-Olds, Inc. instituted a civil action claiming monies in the amount of $4,000 (plus costs) for the balance due for a car rented from plaintiff for 24 months pursuant to a lease, the last payment of which was received on November 13, 1981.

2. The district magistrate set a hearing date of July 6, 1984.

3. The district magistrate sent a copy of the trespass in assumpsit complaint to defendant David

---

1. The $35.40 over the jurisdiction limit of $4,000 [42 Pa. C.S. §1515] is attributed to court costs.

Hillman at 132 S. Broad Street, Canfield, Ohio 44406, by certified mail, restricted delivery. The certified mail was dated June 13, 1984.

4. The envelope containing the notice was returned to the district magistrate on June 20, 1984, marked, "Unclaimed." The blank as to "Refused" was not checked.

5. The envelope to defendant had printed on its face, "Return to sender is not delivered within 10 days, return receipt requested, restricted delivery."

6. On June 21, 1984, a copy of the "Trespass in Assumpsit Complaint" was sent by regular mail to defendant at the same address at 132 South Broad Street, Canfield, Ohio 44406, and was not returned.

7. Notice was sent by regular mail to defendant of the changed hearing date from July 6, 1984, to July 20, 1984, and was not returned.

8. At the hearing of July 20, 1984, defendant failed to appear and judgment was entered by default in the total amount of $4,035.50.

9. On July 20, 1984, notice of judgment was sent by regular mail to defendant at the same address at 132 South Broad Street, Canfield, Ohio 44406, and was not returned.

10. Defendant testified that he had been in a business known as Franchising Unlimited for a period of four years with offices continually located 132 South Broad Street, Canfield, Ohio 44406.

11. The business is located in a building with other businesses but occupies the first floor, having approximately 1,800 square feet. The business is in Suite 103.

12. Defendant testified that the postman knows him, but that he was never delivered the certified mail letter in this case, or notified of such and was not aware of the claim of the district magistrate's office against him which gave rise to this judgment or

of the judgment until garnishment proceedings in the State of Ohio.

13. We accept the testimony of defendant that service was not made, either by certified mail or by regular mail of notice of a hearing.

## DISCUSSION

Pa. R.C.P.D.J. 313 deals with service outside of the Commonwealth. By subdivision (2) certified mail can be used as provided by Rule 308 of the district magistrate's rules. Rule 308 provides that service is to be made by handing a copy to defendant or handing a copy at any office or usual place of business of defendant to his agent or to the person for the time being in charge. Rule 313 provides that if the certified mail is returned, *refused,* then the district magistrate may make service by sending a copy of the complaint by ordinary mail to the same address. (Emphasis added). The mail was not refused in this case according to the return of the postal authorities, but rather it was unclaimed. Refusal implies knowledge. Unclaimed may or may not be with knowledge. The rule, however, is clear that there must be a refusal to accept in order to have valid service by regular mail subsequently made. If there is not a refusal, then sending a copy of the complaint by ordinary mail is not proper service. But even more, as noted in the findings of fact, we conclude that there was not actual knowledge to defendant of the action.[2]

---

2. Defendant relies upon the note to Pa. R.C.P.D.J. 313 which provides that if service is sought under subsection (2) above by regular mail, the district magistrate shall note that fact on the original complaint from which the remark that a sufficient time having elapsed and that ordinary mail was not returned is to be attached to the original complaint. This nota-

Pa. R.C.P.D.J. 314 provides that if the complaint is not served on defendant in time to permit holding a hearing within 60 days of filing the complaint, the district justice shall dismiss the complaint without prejudice. In that there was not proper service in this case, the complaint should have been dismissed at the completion of 60 days.[3]

The district magistrate, of course, has the power to order that the process be served and enforced.[4] Without receiving a proper return, service could have been made properly, but in that it was not the prayer of the petition to strike and vacate, the judgment must be granted.

---

tion must indicate that the defendant *refused* to accept it. (Emphasis added.)

We recognize there is a presumption that properly addressed, stamped and mailed letters have been received in due course by the addressee. Thomas v. Employers Liability Assurance Corp. Ltd. of London, 284 Pa. 129, 135 A.2d 614 (1925); Franklin Interiors v. Brown Lane, Inc., 227 Pa. Super. 252, 323 A.2d 226 (1974).

A finding of fact that an item was mailed creates a rebuttable presumption that the item was received. Berkowitz v. Mayflower Securities, Inc., 455 Pa. 531, 317 A.2d 587 (1974); Das v. Comm., Pa. Emp. Bd., 41 Pa. Commw. 483, 399 A.2d 816 (1977). We conclude as a fact, however, the notice was not received.

3. Pa. R.C.P.D.J. 314E. provides that upon written request to plaintiff, the complaint may be re-instated at any time and any number of times. This procedure could have been used by plaintiff to obtain adequate time to secure proper service. When the complaint was returned unclaimed, it could have been served by Pa. R.C.P.D.J. 313(1) by a Pennsylvania Sheriff or constable or by any adult other than plaintiff designated by the district justice. That procedure could have been used in place of an effort to obtain service by certified mail if desired as well.

4. Act of 1976, July 9, P.L. 586, §2, 42 Pa. C.S. §1513.

## ORDER

And now, this September 23, 1985, it is hereby ordered and declared that the judgment as obtained by plaintiff, Stupka Pontiac-Olds, Inc. and against defendant, David Hillman, in the Office of District Justice Coleman at T.A. 231-84 entered on July 20, 1984, is stricken.