# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jason Boesch, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 612 C.D. 2016 |
| | : | Submitted: August 12, 2016 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE: HONORABLE ROBERT SIMPSON, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: November 3, 2016**

Jason Boesch (Claimant), representing himself, petitions for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's decision dismissing Claimant's appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1]  Claimant argues the Board should have excused the untimeliness based on his testimony that he never received a copy of the notice of denial in the mail.  Upon review, we affirm.

Claimant was employed by Hairy Mary's, Inc. (Employer).  After his separation from employment, Claimant filed an application for unemployment compensation benefits.  The local service center denied his application, determining Claimant was ineligible for benefits because he failed to register for

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §821(e).

unemployment search services.[2] Upon learning the local service center denied his application, Claimant appealed.

At a hearing before the referee, the issue was whether Claimant filed a timely appeal under Section 501(e) of the Law. Referee's Op., 2/8/16, at 2. At the hearing, Claimant alleged he did not receive the Notice of Determination issued on April 6, 2015. Referee's Hr'g, Notes of Testimony (N.T.), 2/8/16, at 3-4. The determination was mailed to Claimant's correct mailing address on April 6, 2015. Id. at 1-2, 4. Claimant acknowledged he did not file his appeal until after the expiration of the appeal period. Id. at 3. According to Claimant, he never received the notice in the mail. Id. Claimant did not testify to a persistent problem with the mail, and he did not produce anything showing this alleged problem was brought to the attention of postal authorities. Id. at 4. Claimant stated he learned of the service center's determination on January 5, 2016, when he spoke by telephone with a service center representative who told Claimant the service center denied his claim based on his failure to register in February 2015. Id.; see also Pet. for Appeal, 1/7/16 at 2a. After learning the service center denied his claim, Claimant filed his appeal on January 7, 2016. Id.

Based on the evidence presented, the referee found that, on April 6, 2015, the service center issued a determination denying Claimant's application for unemployment benefits under Section 401(b)(1)(i) of the Law, 43 P.S.

---

[2] Claimant was issued the Pennsylvania Unemployment Compensation Handbook, Form UCP-1. This form explains the requirement to register for employment services offered by the Pennsylvania CareerLink system within 30 days after filing the application for benefits. Certified Record (C.R.) Item No. 3.

§801(b)(1)(i).  On the same date, the service center mailed a copy of the determination to Claimant at his last known post office address.  The notice was not returned by the postal authorities as undeliverable. The notice informed Claimant he had 15 days from the date of the determination in which to file an appeal if he disagreed with the determination.  Claimant did not file an appeal on or before April 21, 2015.  Claimant did not file his appeal until January 7, 2016, by mail. The referee found Claimant alleged he did not receive the determination issued April 6, 2015.  The referee further found Claimant lived at the same address for nine years and did not experience problems receiving other mail.  The referee found Claimant's filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct.  Referee's Op., 4/6/15, Findings of Fact (F.F.) Nos. 1-8.

Ultimately, the referee determined Claimant did not file his appeal within the 15-day period after proper notification.  The referee determined Claimant's unsupported allegation that he did not receive the determination, without more evidence, was insufficient to overcome the presumption of receipt of the determination.  Thus, the referee dismissed Claimant's appeal as untimely.

Claimant appealed to the Board, which affirmed.  The Board adopted and incorporated the referee's findings and conclusions.  Claimant petitions for review.

On appeal,[3] Claimant contends the referee and the Board erred by dismissing his appeal as untimely because he never received a copy of the Notice of Determination despite alleging he had issues with receiving mail. Claimant further asserts he was not required to register for employment services because he was on recall. On this basis, he argues the Board's decision should be reversed.

In unemployment compensation cases, the Board is the ultimate fact-finder and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded to the evidence. Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008). Unchallenged findings are conclusive on appeal. Munski v. Unemployment Comp. Bd. of Review, 29 A.3d 133 (Pa. Cmwlth. 2011). In addition, we are bound by the Board's findings so long as the record, taken as a whole, contains substantial evidence to support them. Taylor v. Unemployment Comp. Bd. of Review, 378 A.2d 829 (Pa. 1977); Ductmate.

With regard to timeliness, Section 501(e) of the Law states, as relevant:

> Unless the claimant ... files an appeal with the board, from the determination contained in any notice required to be furnished by the department ... within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of

---

[3] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Hessou v. Unemployment Comp. Bd. of Review, 942 A.2d 194 (Pa. Cmwlth. 2008).

4

> the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be ... denied in accordance therewith.

43 P.S. §821(e). "The requirement that an appeal be filed within fifteen days is jurisdictional, precluding either the Board or a referee from further considering the matter." Gannett Satellite Info. Sys., Inc. v. Unemployment Comp. Bd. of Review, 661 A.2d 502, 504 (Pa. Cmwlth. 1995) (citation omitted). The time for taking an appeal cannot be extended as a matter of grace or mere indulgence. Russo v. Unemployment Comp. Bd. of Review, 13 A.3d 1000 (Pa. Cmwlth. 2010).

The Board may consider an untimely appeal in limited circumstances. Hessou v. Unemployment Comp. Bd. of Review, 942 A.2d 194 (Pa. Cmwlth. 2008); Unemployment Comp. Bd. of Review v. Hart, 348 A.2d 497 (Pa. Cmwlth. 1975). The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory. Roman-Hutchinson v. Unemployment Comp. Bd. of Review, 972 A.2d 1286 (Pa. Cmwlth. 2009).

A petitioner may satisfy this heavy burden in one of two ways. Hessou. First, he can show an administrative breakdown or fraud. Cook v. Unemployment Comp. Bd. of Review, 671 A.2d 1130 (Pa. 1996); Hessou. Second, he can show non-negligent conduct beyond his control caused the delay. Cook; Hessou. "[F]ailure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal." Hessou, 942 A.2d at 198 (quoting United States Postal Serv. v. Unemployment Comp. Bd. of Review, 620 A.2d 572, 573 (Pa. Cmwlth. 1993)).

A claimant asserting non-receipt of mail must overcome the presumption created by the common law mailbox rule. Volk v. Unemployment Compensation Bd. of Review, 49 A.3d 38 (Pa. Cmwlth. 2012). The mailbox rule provides that the depositing of a properly addressed letter with prepaid postage in the mail raises a presumption the letter reached its destination by due course of mail. Roman–Hutchinson. Thus, under the mailbox rule, evidence that a letter was mailed ordinarily will be sufficient to permit a fact-finder to find that the letter was, in fact, received by the party to whom it was addressed. Id.

Here, the Board adopted and incorporated the referee's findings that the service center mailed a copy of the determination to Claimant at his last-known post office address, and the notice was not returned by the postal authorities as undeliverable. F.F. Nos. 2, 3; Board Op., 3/11/16. Claimant did not file an appeal by April 21, 2015, within 15 days of the service center's April 6, 2015 determination, as required by Section 501(e). F.F. Nos. 4, 5. Claimant testified he was back to work when the determination was issued.

> R [Referee] The claim record printout here shows all the actions on your claim. Last March [2015] you filed an [u]nemployment claim. It's good for a year, so this claim is good until February 27 of 2016. So at the time when you originally filed it last March, you had 30 days to register for work.
>
> C [Claimant] Correct.
>
> R Okay. And you didn't.
>
> C Because I was already back to work.

6

R Okay. So…

C So I didn't -- Well, I wasn't worried about [u]nemployment or any of that.

R Okay. So when you got this letter telling you that you were ineligible, did you take any action at that time?

C At that time I did not because I was back to work.

N.T. at 3. Claimant waited until January 7, 2016 to file his appeal.

Claimant did not challenge the Board's adopted findings. See Pet. for Review at ¶3; Claimant's Br. at 12. As a result, these findings are conclusive on appeal. Munski. Further, the Board's adopted findings are amply supported by the record. See C.R., Item Nos. 3 (Notice of Determination, 4/6/15) & 4 (Claimant's Petition for Appeal, 1/7/16).

Although Claimant testified he did not receive his mail from the postal authorities, the fact-finder did not attach much weight to this unsupported claim, expressly finding it insufficient to overcome the presumption of receipt. Referee's Op. at 2. Such credibility findings are beyond our review. See Ductmate. Thus, Claimant did not rebut the presumption of receipt or otherwise establish an adequate excuse for his late appeal.

Further, Claimant testified he was back to work when the determination was issued. N.T. at 3, 5. This testimony seems to contradict Claimant's assertion he was unaware of the determination. Nevertheless, the determination clearly stated: "This disqualification will continue to apply until you

7

register." C.R., Item No. 3. Therefore, even though Claimant may have returned to work, he was on notice that should he become unemployed again during the same benefit year, he was obligated to complete the registration process in order to obtain benefits. Claimant's failure to recognize the full implication that the disqualification would continue did not provide him with justification to allow his late appeal.

Finally, Claimant asserts he did not need to register because he had a recall date. Claimant's argument may have been meritorious had he filed a timely appeal, but he did not. This Court has no jurisdiction to address the merits of the case due to the untimely appeal. Dilenno v. Unemployment Comp. Bd. of Rev., 429 A.2d 1288 (Pa. Cmwlth. 1981). A "timely appeal is a jurisdictional prerequisite." Id. at 1289.

However, even if Claimant misunderstood and believed he did not need to appeal because he had already returned to work, he was subsequently laid off again, and he reopened his claim on December 7, 2015. Review of the record reveals that on the same date, a Departmental representative informed Claimant he must complete the registration process. C.R., Item No. 1; N.T. at 5. Despite receiving that instruction, Claimant still delayed filing his appeal until January 7, 2016. Even where an appeal is not timely because of non-negligent circumstances, the appeal still must be filed within a short time after the petitioner learns of, and has an opportunity to address, the untimeliness. Cook; Hessou.

For these reasons, the Board properly dismissed Claimant's appeal as untimely.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason Boesch,                           :
                     Petitioner         :
                                        :
          v.                            :      No. 612 C.D. 2016
                                        :
Unemployment Compensation               :
Board of Review,                        :
                     Respondent         :

# O R D E R

AND NOW, this 3rd day of November, 2016, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.


_____
ROBERT SIMPSON, Judge