IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amelia Nason,                  :
          Petitioner        :
                      :
     v.                :
                      :
Unemployment Compensation  :
Board of Review,         :   No. 1632 C.D. 2016
          Respondent   :   Submitted:  April 21, 2017


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE              FILED:  August 4, 2017


Amelia Nason (Claimant) petitions for review of a September 12, 2016 decision and order of the Unemployment Compensation Board of Review (Board) dismissing her appeal as untimely.  Upon review, we vacate and remand.

Claimant worked for Medical Staffing Network (Employer) from November 1, 2008 through April 16, 2010.  (Claimant's Brief at 5.)  She filed for unemployment compensation benefits on May 2, 2010, citing lack of work, and was granted benefits through November 14, 2010.  Employer filed a request for relief on May 28, 2010 on the basis that Claimant voluntarily quit her employment.

Nearly five years later, the Department of Labor and Industry, Office of UC Benefits (Department), acted on Employer's request and mailed both Claimant and Employer questionnaires seeking additional information.  Neither

party responded. Claimant was subsequently deemed ineligible for benefits under Section 402(b)[1] of the Unemployment Compensation Law (Law). The Department issued four determinations (2015 Determinations), mailed on May 4, 2015, notifying Claimant of her ineligibility under Section 402(b), assessing a fault overpayment pursuant to Section 804(a)[2] of the Law in the amount of $13,182.00, assessing an overpayment of $650.00 in federal additional compensation (FAC) in accordance with Section 2002(b)(1)[3] of Public Law 111-5, and imposing a 15% penalty on the amount of overpaid benefits received in the amount of $1,977.30, as provided for in Section 801(c)[4] of the Law. The 2015 Determinations were mailed to Claimant's last known address and returned to the Department as undeliverable.

In April 2016, Claimant received a notice of payment due from the Department. On April 22, 2016, Claimant called the number listed on the notice. A Department representative advised Claimant to file a late appeal and list the reasons for same. Claimant was also mailed copies of the 2015 Determinations on April 25, 2016. The first notice evidenced a mailed-on date of May 4, 2015 and all

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b). Section 402(b) of the Law provides, in pertinent part, that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 874(a).

[3] Section 2002(f) of the American Recovery and Reinvestment Act of 2009 (ARRA), P.L. No. 111-5, 123 Stat. 115 (2009), provides for FAC benefits in the amount of $25 per week to individuals otherwise entitled to compensation under state law.

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 871(c).

four notices set forth May 19, 2015 as the final day to file a timely appeal. Claimant consulted an attorney and ultimately filed her appeal on June 16, 2016.

A hearing was held on July 13, 2016 solely to determine whether Claimant's appeal was timely. Although Claimant appeared with counsel, Employer did not appear in person or by telephone. The Referee issued a Decision on July 18, 2016, dismissing Claimant's appeal as untimely. Claimant appealed to the Board, which affirmed. This appeal followed.[5]

## DISCUSSION

Critical to Claimant's appeal is her argument that she is entitled to *nunc pro tunc* relief. Claimant hinges this argument to her claim that, if her appeal was untimely, as the Board held, it was due to a breakdown in the administrative process and fraud on the part of her employer, and not any negligence on her part.

The Department claims that a new final appeal date came into play by virtue of the 2015 Determinations having been mailed to Claimant as a "replacement determination" on April 25, 2016. (Department's Brief at 10.) Section 501(e)[6] of the Law requires, in pertinent part, that a claimant file her appeal with the Board within fifteen calendar days after such notice was mailed to her last known post office address. The final date to appeal, the Department contends, was May 10, 2016. The Department further argues a *nunc pro tunc*

---

[5] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704.

[6] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

appeal is not appropriate, as the Claimant did not act with reasonable diligence once she realized her appeal was late.

A timely appeal is a jurisdictional prerequisite. *Dilenno v. Unemployment Compensation Board of Review,* 429 A.2d 1288, 1289 (Pa. Cmwlth. 1981). The statutory time limit for filing an appeal is mandatory in the absence of fraud or manifestly wrongful or negligent conduct by an agency. *Das v. Unemployment Compensation Board of Review,* 399 A.2d 816 (Pa. Cmwlth. 1979). While "filing deadlines should be strictly enforced, and any exception to this principle should be narrowly construed," *Vereb v. Unemployment Compensation Board of Review,* 676 A.2d 1290, 1294 (Pa. Cmwlth. 1996), a showing of fraud or breakdown in the administrative process may justify an appeal *nunc pro tunc. Stana v. Unemployment Compensation Board of Review*, 791 A.2d 1269, 1271 (Pa. Cmwlth. 2002). An untimely appeal may further be allowed where the untimeliness is not the result of the petitioner's negligence. *U.S. Postal Service v. Unemployment Compensation Board of Review*, 620 A.2d 572 (Pa. Cmwlth. 1993). At its core, the concept allowing *nunc pro tunc* relief is rooted in principles of equity. *See Criss v. Wise,* 781 A.2d 1156, 1159-60 (Pa. 2001); *see also Schofield v. Department of Transportation, Bureau of Driver Licensing*, 828 A.2d 510, 512 (Pa. Cmwlth. 2003).

Presently, the 2015 Determinations were returned by the postal authorities as undeliverable in June 2015. (Certified Record (C.R.) Item 11, Referee's Decision/Order, Dated 7/18/16, Finding of Fact (F.F.) No. 4.) Claimant first received the 2015 Determinations in April or May of 2016, approximately one year after their date of issuance. (C.R. Item 10, Transcript of Testimony (T.T.) at 6.) The Department does not contest this fact. When Claimant contacted the

Department to inquire about the alleged overdue payment, she was instructed to file a late appeal. (C.R. Item 1, Claim Record). The 2015 Determinations indicated the last date to appeal was May 19, 2015, some twelve months in the past. (C.R. Item 5, Notices of Determinations, Dated 5/4/2015). The certified record contains no evidence that the final date to appeal the 2015 Determinations was not May 19, 2015 or that Claimant was apprised of a different appeal date.

Clearly, Claimant did not appeal by the May 19, 2015 date because she was not in receipt of the 2015 Determinations until April or May of 2016. As the 2015 Determinations were returned to the Department as undeliverable, the Department was on notice Claimant had not received them. When the Department mailed the 2015 Determinations a second time, it made no attempt to change the mailed-on and appeal-by dates in those Determinations.

Here, and for perhaps the first time, the Department makes the argument that Claimant should not have relied on the mailed-on or appeal-by dates set forth in its legal notices. Such an argument suggests an expectation that a layperson would read several Department notices, all of which clearly indicate the final date to appeal the determinations set forth therein had long passed, and from those notices assume a different appeal date exists. This so-called "new" appeal date would supposedly be ascertainable, not from the mail date set forth in the notices (which, again, the layperson should know is incorrect), but from the date and time stamp on the envelope which contained those notices. By this argument, the layperson should further understand that the final date to appeal had not yet passed even though she had been instructed to file a late appeal by a Department representative. Such expectations strain credulity and the record evidence is more

5

than sufficient to establish the untimeliness of Claimant's appeal was due to the negligence of the Department, and/or administrative breakdown.

The Department asserts that no statute of limitations exists which limits the amount of time the Department has in which to render a determination. It is hard to credit, however, how a five-year delay in responding to an employer's request for relief could be caused by anything other than an administrative breakdown. That delay, coupled with the Department's failure to provide Claimant with a new appeal date on the "replacement determination," caused the untimeliness of Claimant's appeal. Claimant should not be penalized by such a breakdown. Accordingly, we conclude Claimant is entitled to a hearing on the merits of her appeal.[7]

For the reasons set forth herein, we vacate the order of the Board and remand for a hearing on the merits of Claimant's appeal.

_____
JOSEPH M. COSGROVE, Judge

---

[7] Given this resolution, we need not address Claimant's remaining arguments, *to wit*, that (1) the Board erred in failing to apply the doctrine of laches and equitable estoppel in reviewing this matter; and (2) the Board erred in refusing to allow admission of certain documentary evidence. (Claimant's Brief at 4.)

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amelia Nason,                                    :
                    Petitioner                    :
                                                  :
          v.                                      :
                                                  :
Unemployment Compensation                         :
Board of Review,                                  :      No. 1632 C.D. 2016
                    Respondent                     :


O R D E R


AND NOW, this 4th day of August, 2017, the order of the Unemployment Compensation Board of Review is vacated and this matter is remanded for a hearing on the merits of the appeal. Jurisdiction relinquished.


_____
JOSEPH M. COSGROVE, Judge