IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Faye Brown,                              :
                        Petitioner       :
                                         :
            v.                           :
                                         :
Unemployment Compensation                :
Board of Review,                         :   No. 9 C.D. 2017
                        Respondent       :   Submitted: May 12, 2017


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE[1]                          FILED:  November 30, 2017


        Faye Brown (Claimant) petitions this Court for review of a December
9, 2016 decision of the Unemployment Compensation Board of Review (Board)
denying her unemployment compensation benefits under Section 502 of the
Unemployment Compensation Law (Law).[2]  Upon review, we vacate and remand.

        Claimant worked for Fiserv (Employer) from August 2, 1976 until
March 1, 2016.  She filed for unemployment compensation benefits on March 6,

---

[1] Currently, there is a vacancy among the commissioned judges of this Court.  Pursuant to
our opinion circulation rules, all commissioned judges voted on the opinion and a tie vote resulted.
Therefore, this opinion is filed pursuant to Section 256(b) of the Internal Operating Procedures of
the Commonwealth Court, 210 Pa. Code § 69.256(b).

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
822.

2016, citing "lack of work/laid off" as the reason for separation. (Certified Record (C.R.), Item 2, Internet Initial Claims at 2.) On July 11, the Unemployment Compensation Service Center (Service Center) issued a Notice of Determination denying Claimant benefits under Section 402(h) of the Law.[3] The final date to appeal was July 26, 2016. Claimant filed her appeal on July 28, 2016. Following a hearing held August 16, 2016, the Referee issued a decision on August 23, 2016, dismissing Claimant's appeal as untimely. The Referee's order gave a final appeal date of September 7, 2016. Claimant filed her appeal to the Referee's decision on September 27, 2016. A hearing was held on November 6, 2016, solely on the issue of the timeliness of Claimant's second appeal. Following this hearing, the Board issued a decision and order dismissing the Claimant's appeal as untimely under Section 502 of the Law.[4] This appeal followed.[5]

## DISCUSSION

Claimant argues her appeal should not be dismissed as untimely, because the delay in filing was due to non-negligent circumstances beyond her control. More specifically, Claimant's son is mentally ill and her mother suffered a stroke in August 2016. Claimant contends these events made her personal life overwhelming and resulted in her appeal being filed late.

---

[3] Section 402(h) of the Law provides generally that persons who are self-employed are ineligible to receive unemployment compensation benefits. 43 P.S. § 802(h).

[4] 43 P.S. § 822.

[5] This Court's review is limited to a determination of whether constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence. *Oliver v. Unemployment Compensation Board of Review,* 5 A.3d 432, 438 n.2 (Pa. Cmwlth. 2010).

2

The Board responds that Claimant bears a heavy burden to show the untimeliness of her appeal should be excused. The Board argues that the medical issues of third parties, here Claimant's son and mother, are not sufficient to excuse a twenty-day delay. Additionally, the Board contends Claimant presented no evidence as to how the medical ailments of her son and mother affected her ability to file a timely appeal. As a result, the Board asserts Claimant has not met the burden required for a *nunc pro tunc* appeal.

Section 502 of the Law provides an appeal of the referee's decision must be filed within fifteen days after the date of such decision. 43 P.S. § 822. A timely appeal is a jurisdictional prerequisite. *DiIenno v. Unemployment Compensation Board of Review,* 429 A.2d 1288 (Pa. Cmwlth. 1981). The statutory time limit for filing an appeal is mandatory in the absence of fraud or manifestly wrongful or negligent conduct by an administrative agency. *Das v. Unemployment Compensation Board of Review,* 399 A.2d 816 (Pa. Cmwlth. 1979). However, if "an appeal is not timely because of non-negligent circumstances… and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and the appellee is not prejudiced by the delay, the court may allow an appeal *nunc pro tunc*." *Cook v. Unemployment Compensation Board of Review,* 671 A.2d 1130, 1131 (Pa. 1996). A petitioner in an appeal *nunc pro tunc* must proceed with reasonable diligence once she knows of the necessity to take action. *Stanton v. Department of Transportation, Bureau of Driver Licensing*, 623 A.2d 925 (Pa. Cmwlth. 1993).

At the November 7, 2016 hearing, Claimant testified as follows. Claimant described her personal life as "completely overwhelming" due to her adult son's mental illness and her mother's recovery from a massive stroke. (C.R., Item 17, Transcript of Testimony (T.T.) at 7.) Claimant admitted she didn't understand "the process" very well and she "probably didn't read the documents as thoroughly as [she] should have." *Id.* The late filing was not due to negligence on the part of the state, it was Claimant's "inability to be as attentive" as she should have been. *Id.* Claimant didn't have "any other good excuse, other than [her] personal life." *Id.* at 8. Once Claimant understood the process and consequences, she began to fax and mail her appeal documents. *Id.* at 9.

Lack of familiarity with Board regulations and procedure does not excuse an untimely filing. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194 (Pa. Cmwlth. 2008). Illness on the part of a claimant or claimant's counsel may, however. *Cook; see also Bass v. Commonwealth*, 401 A.2d 1133 (Pa. 1979). In an unreported opinion, a three-judge panel of this Court concluded the illness of a claimant's mother was not a sufficiently non-negligent circumstance that *nunc pro tunc* relief was appropriate. *Joe v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 1811 C.D. 2010, filed March 21, 2011), 2011 WL 10846448. In a subsequent, also unreported, decision, this Court similarly concluded the claimant had not established non-negligent reasons for her appeal. The Court noted, however, it saw no reason to conclude "that the sudden illness of a close family member of an appellant may not be considered a non-negligent circumstance allowing for a *nunc pro tunc* appeal in the proper case."

4

*Douglas v. Unemployment Compensation Board of Review*, (Pa. Cmwlth. No. 1903 C.D. 2013, filed July 16, 2014), slip op. at 7, n.3, 2014 WL 3532960 at *4, n.3.[6]

Despite the heavy burden which an aggrieved claimant bears, *nunc pro tunc* relief from an untimely appeal is equitable in nature. *See Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001)("Even where a party has filed an untimely notice of appeal, however, appellate courts may grant a party **equitable relief** in the form of an appeal *nunc pro tunc* in certain extraordinary circumstances.")(emphasis added); *see also Bass*. The adage "*aequitas prima est* – where equity applies, equity is supreme" – applies in these circumstances. As such, inferences in favor of granting *nunc pro tunc* relief must be carefully and exactingly considered.

In this case, Claimant faced the serious medical circumstances surrounding both her mother and her son. In August, her mother suffered a massive stroke. At the same time, her son's mental health, a condition apparently long standing and worsening at that time, was at issue for Claimant, ultimately leading to his November 2016 involuntary commitment hearing. In rejecting Claimant's argument, the Board referred to her situation as "[n]ormal strains and pressures of daily life" which were insufficient to establish "good cause for a late appeal." C.R., Item 18, Board's Decision and Order at 2. This finding, however, does no justice to our suggestion in *Douglas* that "the sudden illness of a close family member" may be considered a non-negligent circumstance "allowing for a *nunc pro tunc* appeal in the proper case." *Douglas*, slip op. at 7, n.3, 2014 WL 3532960 at *4, n.3. For Claimant, the illnesses affecting two family members seem anything but "normal

---

[6] Unreported memorandum opinions of this Court may be cited "for [their] persuasive value, but not as binding precedent." Section 414, Commonwealth Court Internal Operating Procedures. 210 Pa.Code § 69.414.

strains and pressures of daily life," and the Board's finding of same is not supported by substantial evidence. As such, and against this backdrop, we cannot agree that the Board properly considered the family health conditions Claimant faced.

For these reasons, we vacate and remand this matter to the Board to consider whether these conditions constitute the "proper case" for which to allow *nunc pro tunc* relief. *Douglas.*

_____
JOSEPH M. COSGROVE, Judge

Faye Brown,                          :
               Petitioner          :
                              :
        v.                          :
                              :
Unemployment Compensation            :
Board of Review,                     :   No. 9 C.D. 2017
               Respondent          :

## O R D E R

AND NOW, this 30th day of November, 2017, the December 9, 2016 Order of the Unemployment Compensation Board of Review is vacated and this matter is remanded for proceedings consistent with this appeal. Jurisdiction is relinquished.

_____
JOSEPH M. COSGROVE, Judge