# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jessica H. Davis,                          :
                    Petitioner             :
                                           :
        v.                                 : No. 1932 C.D. 2017
                                           : SUBMITTED: June 15, 2018
Unemployment Compensation                  :
Board of Review,                           :
                    Respondent             :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                          FILED: July 25, 2018

Jessica Davis (Claimant) petitions *pro se* for review of the November 17, 2017 order of the Unemployment Compensation Board of Review (Board), affirming the Referee's dismissal of Claimant's appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1]  We affirm.

## Background

Claimant was employed by Charlotte Russe (Employer) from May 10, 2010 until August 25, 2010.  Notes of Testimony (N.T.), 9/27/17, Ex. No. 7.  On December 20, 2010, Claimant filed for unemployment compensation (UC) benefits. *Id.*  Claimant was initially granted benefits, but was subsequently deemed ineligible by the Allentown UC Service Center (Service Center) under Section 402(b)[2] of the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

[2] 43 P.S. § 802(b).

Law because Claimant voluntarily left work without a "necessitous and compelling reason." *Id.*, Ex. No. 4. The Service Center further found Claimant ineligible for benefits because her wages did not meet the income threshold set forth in Section 401(f)[3] of the Law. *Id.* A notice of determination was mailed to Claimant on October 27, 2011. *Id.* The last date to appeal the determination was November 14, 2011. *Id.* Claimant received a second determination, also mailed on October 27, 2011, which indicated a fault overpayment in the amount of $3,952.00 was established pursuant to Section 804(a)[4] of the Law. *Id.*, Ex. No. 5. The last date to appeal this second determination was also November 14, 2011. *Id.* Both determinations were mailed to Claimant at 114 South 6th Street, Apartment B, Allentown, Pennsylvania 18101 (Allentown address). *Id.*, Ex. Nos. 4-5. Neither determination was returned as undeliverable. *Id.*, Ex. No. 7.

Approximately 6 years later, on July 3, 2017, following receipt of a subsequent notice from the Department of Labor and Industry (Department) relating to the fault overpayment, Claimant spoke on the phone with a Department representative.[5] N.T., 9/27/17, at 7. During that conversation, Claimant was made aware of the option to file an appeal. *Id.* On September 5, 2017, Claimant filed an appeal from the October 27, 2011 determinations, alleging she never received them.

---

[3] 43 P.S. § 801(f).

[4] 43 P.S. § 874(a). Section 804(a) of the Law provides that a claimant, who by reason of his or her fault receives UC benefits to which he or she is not entitled, shall be liable to repay those amounts.

[5] The Claim Record indicates that a notice mailed to Claimant in November 2015 was returned as undeliverable. N.T., 9/27/17, Ex. No. 7. It is not clear from the record whether the notice which prompted Claimant to contact the Department on July 3, 2017 was mailed to the Allentown address or elsewhere. Claimant's address on file with the Department was changed on July 3, 2017. *Id.*

2

N.T., 9/27/17, Ex. Service Center No. 2. The Referee conducted a hearing on September 27, 2017. Claimant participated by telephone.[6] Testimony was limited to the timeliness of Claimant's appeal.

At the hearing, Claimant denied receiving the October 27, 2011 determinations but acknowledged that the Allentown address on the determinations was correct and that it was the same address she used when completing her initial application for benefits. N.T., 9/27/17, at 6. Claimant testified she moved from the Allentown address at the end of September 2013. *Id.* While Claimant asserted her landlord would not allow her to receive mail at the Allentown address, she admitted that "[s]ome stuff would come through . . . ." *Id.* Claimant acknowledged having received documents from the Department of Labor and Industry (Department) which related to the initial grant of benefits. *Id.* Claimant testified she was living "between there and college" at that time; however, Claimant's mother also lived at the Allentown address and she "could have" obtained Claimant's mail for her. *Id.* at 8.

The Referee issued a decision in which she found that the determinations were sent to Claimant's last known post office address and not returned by postal authorities as undeliverable. Certified Record (C.R.), Item No. 8, Referee's Decision, Findings of Fact (F.F.) Nos. 3-4. The Referee further found that the last date upon which a valid appeal could be filed was November 14, 2011, but Claimant did not file an appeal until September 5, 2017. *Id.*, F.F. Nos. 6-7. Additionally, the Referee found that Claimant was not misinformed or misled regarding the right of or need to appeal, and Claimant's late appeal was not caused by fraud or its equivalent by administrative authorities, a breakdown in the system, or non-

---

[6] A representative of Employer, Laurie Esarco, was present for the hearing; however, she gave no testimony and declined to cross-examine Claimant.

negligent conduct. *Id.*, F.F. Nos. 8-9. Consequently, the Referee dismissed Claimant's appeal. *Id.* at 3.

Claimant appealed to the Board, asserting she filed her appeal once she became "aware of this situation." C.R., Item No. 9, Claimant's Petition for Appeal. She further argued the merits of her underlying appeal, maintaining she did not quit her employment. The Board issued an order in which it adopted and incorporated the findings and conclusions of the Referee. C.R., Item No. 11, Board's Order. The Board noted that, even if it accepted Claimant's testimony that the landlord for the Allentown address would not permit Claimant to receive her mail there, Claimant was aware of the overpayment determination on July 3, 2017 but waited more than two months to file her appeal. Accordingly, the Board affirmed the dismissal of Claimant's appeal. This appeal followed.

## Issue

On appeal,[7] the sole issue before this Court is whether the Board erred in dismissing Claimant's appeal as untimely.

## Discussion

Section 501(e) of the Law requires a claimant to file an appeal from a Department determination within 15 days of the date of mailing to the claimant's last known postal address. 43 P.S. § 821(e). The statutory time limit for filing an appeal is mandatory in the absence of fraud or manifestly wrongful or negligent conduct by an agency. *Das v. Unemployment Comp. Bd. of Review*, 399 A.2d 816 (Pa. Cmwlth. 1979). Further, a timely appeal is a jurisdictional prerequisite. *DiIenno v. Unemployment Comp. Bd. of Review*, 429 A.2d 1288, 1289 (Pa. Cmwlth.

---

[7] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

4

1981). If the claimant does not file an appeal within 15 days, "the determination becomes final, and the [Department] does not have the requisite jurisdiction to consider the matter." *Vereb v. Unemployment Comp. Bd. of Review*, 676 A.2d 1290, 1292 (Pa. Cmwlth. 1996) (*en banc*). An appeal *nunc pro tunc* may be allowed where the delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to the petitioner, her counselor or a third party. *Cook v. Unemployment Comp. Bd. of Review*, 671 A.2d 1130, 1131 (Pa. 1996). The petitioner "must also establish that (1) the appeal was filed within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed time period was of very short duration; and (3) the [respondent] is not prejudiced by the delay." *Sofronski v. Civil Service Comm'n v. Phila.*, 695 A.2d 921, 924 (Pa. Cmwlth. 1997).

Claimant does not dispute her appeal was not filed within 15 days of the October 27, 2011 mail date, nor has she alleged the existence of fraud or a breakdown in the administrative process. Claimant has not challenged whether the Department mailed the determinations to the Allentown address or claimed the determinations were returned as undeliverable. Rather, she alleges the landlord for the Allentown address would not permit Claimant to receive mail at that address because Claimant was not on the lease. Claimant also asserts she was away at college and not physically living at the Allentown address to which the Department mailed its determinations. Upon graduating college, Claimant moved to Germany. Consequently, Claimant states she would not have known if mail was left for her at the Allentown address.

The Board responds that, if Claimant was unable to receive mail at the address she provided to the Department, Claimant was responsible for providing a different

5

address. Further, the Board maintains that, even if it could be presumed Claimant did not receive the determinations, Claimant was aware of the overpayment determination on July 3, 2017 when she spoke to a Department representative on the phone. Claimant filed her appeal more than two months after that date, which was not "within a short time" after learning of the untimeliness of her appeal. *Sofronski*, 695 A.2d at 924. Therefore, the Board argues, Claimant has not established a right to *nunc pro tunc* relief.

We agree that Claimant's untimely appeal was caused by her own conduct. When testifying at the September 27, 2017 hearing, Claimant stated that the Allentown address she used when applying for benefits was correct. Claimant did not move from that address until September 2013. Whether or not Claimant's landlord prevented her mail from being collected at that address, it is clear from Claimant's testimony she believed that to be the case. Nevertheless, Claimant failed to provide an alternative address to the Department. If a more appropriate address for the receipt of her mail existed, Claimant was responsible for providing one. The record fails to reveal any fraudulent or manifestly wrongful or negligent conduct on the part of the Department, nor does it appear Claimant's untimely appeal was caused by a breakdown in the administrative process. As Claimant's untimely appeal was not caused by non-negligent circumstances, we need not address whether her appeal was filed within a short time after she learned of the need to appeal.[8]

---

[8] We must express concern regarding the procedural process utilized by the Department in matters that involve a revocation of benefits. In the present matter, Claimant was granted benefits for claim weeks ending January 1, 2011 through June 25, 2011. C.R., Item No. 1, Claim Record, at 1. On July 10, 2011, Claimant received payment for the claim week ending June 25, 2011. *Id.* Over three months later, on October 27, 2011, the Department mailed Claimant the overpayment determination. *Id.*, Item No. 2. While three months is not an extraordinarily lengthy period of time, Claimant would have had no reason to expect further communication from the Department, as her receipt of benefits had terminated. A fairer process would involve the initiation of

## **Conclusion**

As we have concluded Claimant's untimely appeal was caused by her own negligent conduct, and given the lack of evidence of fraud, wrongful or negligent conduct, or a breakdown in the administrative process, we perceive no error in the Board's dismissal of Claimant's appeal as untimely. Accordingly, the order of the Board is affirmed.

_____
ELLEN CEISLER, Judge

---

revocation proceedings, through which the Department would ensure a claimant has received actual notice of the existence of an issue regarding a grant of benefits, prior to the issuance of a determination finding an overpayment has been made.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jessica H. Davis,           :
          Petitioner     :
          :
      v.              :   No. 1932 C.D. 2017
          :
Unemployment Compensation   :
Board of Review,        :
          Respondent   :

# O R D E R

AND NOW, this 25th day of July, 2018, the order of the Unemployment Compensation Board of Review, dated November 17, 2017, is affirmed.

_____
ELLEN CEISLER, Judge