IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rosalinda Marks,               :
                    Petitioner :
                               :
        v.                     : No.  1535 C.D. 2022
                               : Submitted:  November 6, 2023
Unemployment Compensation      :
Board of Review,               :
                    Respondent :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                        FILED:  January 5, 2024


        Rosalinda Marks (Claimant), *pro se*, petitions for review of the Unemployment Compensation Board of Review's (Board) order mailed December 2, 2022 (the Order) which affirmed the Unemployment Compensation Appeals Referee's (Referee) decision dismissing Claimant's appeal as untimely pursuant to Section 501(e) of the Unemployment Compensation Law (Law).[1]  After careful review, we affirm the Order.

---

[1] Section 501(e) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

## I. Background and Procedural History

Claimant filed for regular unemployment compensation (UC) benefits on March 29, 2020. Claimant's Br. at 8; Certified Record (C.R.) at 119. The following week Claimant received a notice of financial determination stating she qualified for 26 weeks of UC benefits. Claimant's Br. at 12. On September 28, 2020, the Altoona UC Service Center (Service Center) mailed (i) notices of determination finding Claimant ineligible for regular UC benefits because she was self-employed[2] as well as (ii) a notice of non-fault[3] overpayment finding Claimant received $5,022 in UC benefits to which she was not entitled. C.R. at 49-56. The last day to timely appeal these determinations was October 13, 2020. *Id.* at 51-53.

The Board received Claimant's appeal of the overpayment determination[4] (nearly one year later) on September 18, 2021. Claimant's Br. at 15-16; C.R. at 58-62. In July 2022, the Board sent Claimant a notice of hearing via mail, e-mail, and the UC portal website. C.R. at 74-84, 87. A Referee conducted an in-person hearing; however, Claimant did not attend, seek a continuance, or explain her absence. C.R. at 86-88. Ultimately, the Referee determined Claimant's appeal was untimely and dismissed the appeal. *Id.* at 90-95. In August 2022, Claimant appealed the Referee's decision to the Board and attached a letter asserting: "I was unable to open and

---

[2] Claimant owns and operates Rosalinda's Express, a food court restaurant located at the Johnstown Galleria shopping mall. Claimant's Br. at 9; *see* Section 402(h) of the Law, 43 P.S. § 802(h).

[3] To recover a non-fault overpayment, the Department of Labor and Industry will deduct "**from any future benefit payments** during the benefit year when the benefit was paid and the three-year period immediately following that benefit year. The deductions may not exceed one-third of the weekly benefit rate . . . . Voluntary repayment is also accepted." Office of Unemployment Compensation, Overpayment of Benefits, https://www.uc.pa.gov/unemployment-benefits/overpayment-of-benefits/Pages/default.aspx (last visited Jan. 4, 2024) (emphasis added).

[4] Claimant did not appeal the Service Center's determinations which found her ineligible for UC benefits. Board's Br. at 4.

operate my business due to the Galleria being closed as a result of Governor Wolf's order that prohibited the operation of businesses that [were] not life sustaining[.]" *Id.* at 110. The Board, nonetheless, found Claimant failed to show a good cause reason[5] for appealing the Service Center's decision beyond the deadline, and affirmed the Referee's decision by order mailed December 2, 2022. *Id.* at 101-03, 124-27.

## II. Discussion

We review orders of the Board for violations of a claimant's constitutional rights, failure to engage in compulsory administrative practices and procedures, and other errors of law. *See Key v. Unemployment Comp. Bd. of Rev.*, 687 A.2d 409, 411 n.2 (Pa. Cmwlth. 1996); 2 Pa.C.S. § 704. We shall uphold the Board's findings of fact and subsequent adjudication "only so long as the record taken as a whole contains substantial evidence to support them." *Henderson v. Unemployment Comp. Bd. of Rev.*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013). Substantial evidence is "relevant evidence upon which a reasonable mind could base a conclusion." *Id.*

Section 501(e) of the Law directed claimants to file a discretionary appeal within 15 days of receiving a notice of determination from the Board. *See* 43 P.S. § 821(e).[6] This determination "becomes **final**, and the Board does not have the requisite jurisdiction to consider" an appeal once the deadline lapses. *Darroch v.*

---

[5] We have consistently recognized three grounds under which a claimant may seek our permission to revive his or her untimely appeal of a UC determination *nunc pro tunc*: (i) fraudulent conduct, (ii) a breakdown in the administrative process, or (iii) a non-negligent circumstance. *See Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1229–30 (Pa. Cmwlth. 2021). Here, the Board explicitly found "no evidence that [Claimant's] filing of late appeals was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct." C.R. at 125. Claimant does not challenge this finding.

[6] Act 30 of 2021 amended Section 501(e) of the Law and increased the deadline to timely file an appeal of a Referee's decision from 15 to 21 days. At the time Claimant filed her appeal, however, the amendment to Section 501(e) was not yet effective. Board's Br. at 7 n.5.

*Unemployment Comp. Bd. of Rev.,* 627 A.2d 1235, 1237 (Pa. Cmwlth. 1993) (emphasis added). Indeed, even "an appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely." *Dumberth v. Unemployment Comp. Bd. of Rev.*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003) (citing *Moss v. Unemployment Comp. Bd. of Rev.*, 557 A.2d 839 (Pa. Cmwlth. 1989)). Significantly, failure to appeal before the *mandatory* deadline creates a jurisdictional defect this Court cannot overlook even "as a matter of grace or indulgence." *Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018).

Here, a reasonable mind could conclude the Board's evidence, taken as a whole, easily corroborates its decision to dismiss Claimant's appeal as untimely under Section 501(e). The Board received Claimant's appeal of the Service Center's overpayment determination more than **300 days** after the deadline. There is "no evidence that the determinations mailed to the claimant were returned as undeliverable by the postal authorities[,]" and "no evidence that the claimant was misinformed or misled by the unemployment compensation authorities regarding her right or the necessity to appeal." C.R. at 124-25. It thus appears Claimant's own negligence caused her tardy appeal, and, because "a timely appeal is a jurisdictional prerequisite[,]" the Service Center's determinations are now final and unreviewable by this Court. *DiIenno v. Unemployment Comp. Bd. of Rev.*, 429 A.2d 1288, 1289 (Pa. Cmwlth. 1981).

### III. Conclusion

Based on the foregoing,[7] the Board properly affirmed Claimant's appeal of the Referee's decision under Section 501(e) of the Law, and we affirm the Order

---

[7] Given our disposition that the Referee lacked jurisdiction to consider Claimant's untimely appeal, we do not address the issues Claimant raises on appeal. *See Wing v. Unemployment Comp. Bd. of Rev.*, 436 A.2d 179, 181 (Pa. 1981).

including the portion wherein the Board directs the Department to "investigate whether [C]laimant's application for regular unemployment compensation benefits . . . can be converted . . . to an application for Pandemic Unemployment Assistance benefits." Claimant's Br. at 7; C.R. at 125.

 

 

 

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rosalinda Marks,                           :
                   Petitioner      :
                                   :
          v.                              : No.  1535 C.D. 2022
                                   :
Unemployment Compensation     :
Board of Review,                          :
                 Respondent  :

# **O R D E R**

    **AND NOW**, this 5th day of January 2024, the December 2, 2022 decision and order of the Unemployment Compensation Board of Review is **AFFIRMED**.


                                      _____

                                      STACY WALLACE, Judge